Filed 8/17/16  P. v. Hand CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C080216 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF14330) |
| v. | |
| DAVID THOMAS HAND, | |
| Defendant and Appellant. | |

Defendant David Thomas Hand pled no contest to second degree burglary and admitted a prior strike.  Prior to sentencing, he was given an opportunity to complete a residential treatment program.  When he failed to complete the program, the trial court sentenced him to six years in prison.  On appeal, he contends the trial court abused its discretion in denying his *Romero*[1] motion to strike his prior strike.  We disagree.

---

[1] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

1

# BACKGROUND

In exchange for dismissal of various charges, defendant pled no contest to second degree burglary (Pen. Code, § 459)[2] and admitted a prior strike for robbery.  He had been convicted in 2001 of two counts of robbery (§ 211) with an enhancement for personally using a gun (§ 12022.53).

Following his plea, he was permitted to enroll in a six-month residential drug treatment program.  It was "an opportunity to complete the program in order to show the judge that he [could] earn a *Romero* and probation."  Defendant entered a treatment program but was discharged approximately six weeks later.

At sentencing, defendant presented a letter to the trial court, which his attorney interpreted as a *Romero* motion and a request for probation.  In the letter, defendant explained that 40 days into his rehabilitation program, he took a urine test and was told he had tested "dirty for things I've never used before."  He continued:  "This is when I screwed up, I got scared and I got high and missed the court date my attorney set up for me.  I freely admit that I messed up by getting high and running but at the same time I wasn't out there messing up [committing more crimes]."  He attributed his conduct to his addiction and stressed that another attempt at treatment would be his best chance of curing his addiction.

The People opposed the *Romero* motion, arguing defendant was not the person the Supreme Court had envisioned in *Romero*.  He had been given the opportunity to complete a residential program before bringing a *Romero* motion, but he had failed to complete the program and had also failed to return to the trial court for four to five months after being discharged.

---

[2]  Further undesignated statutory references are to the Penal Code.

The People also noted defendant had two prior robbery strikes[3] and had received a 12-year sentence, serving over 10 years in prison. Shortly after his release, he had committed two more felonies (before committing his current felony). The People called defendant a career criminal and noted any passage of time between his criminal convictions was attributable only to incarceration.

The trial court denied the motion: "The Romero is denied. Probation is denied. He's not eligible for a grant of probation, and he's not a suitable candidate." The court then imposed a six-year term (the upper term, doubled for the strike). In doing so, the court noted: "he has two 211s, which he went to state prison for 12 years. And then he has, out of San Joaquin County November 7 and November 15th, 2013, felony vandalism for which he was on probation when he committed this offense. . . . He has a significant criminal record. . . . He has four prior felonies, two strikes. He has poor performance on probation and parole in this matter; any way you look at it."

## DISCUSSION

On appeal, defendant contends the trial court abused its discretion in denying his *Romero* motion. He raises an array of arguments. He argues the court failed to properly consider the nature and circumstances of his current and prior offenses, as well as his background, character, and prospects, and the fact that his current offense was committed to support a drug addiction. He also argues the record contains no information on the factual circumstances of his prior strike, and no facts suggest he ever committed a violent act. We conclude the trial court acted within its discretion in denying his motion.

---

[3] Defendant was convicted of two robbery counts in 2001, but the record demonstrates the trial court and the parties understood defendant was being sentenced as a second striker.

The three strikes law " 'establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

A trial court properly exercises its discretion to strike a prior strike only if it finds that "in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [three strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

When a trial court declines to strike a prior strike, we review that decision for abuse of discretion. (*Carmony, supra*, 33 Cal.4th at pp. 374-375.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) Reversal is justified where the court was unaware of its discretion to strike a prior strike, or refused to do so at least in part for impermissible reasons. (*Id.* at p. 378.) But where the court, aware of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the . . . ruling, even if we might have ruled differently in the first instance' [citation]." (*Ibid*.)

Here, the trial court properly exercised its discretion in denying the *Romero* motion. The record indicates the trial court was aware of its discretion and reached an impartial decision under the spirit of the law.

While the trial court did not articulate specific reasons for denying the motion-- other than stating the *Romero* motion is denied and defendant was not a "suitable candidate" for probation--nothing more is required. (See *Carmony, supra*, 33 Cal.4th at p. 378 ["Where the record is silent . . ., or '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance' "]; *People v. Gillispie* (1997) 60 Cal.App.4th 429, 434 ["On a silent record in a post-*Romero* case, the presumption that a trial court ordinarily is presumed to have correctly applied the law should be applicable"]; *People v. Myers* (1999) 69 Cal.App.4th 305, 310 ["The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary"].)

Here, the record amply demonstrates defendant fell within the spirit of the three strikes law. He had been convicted of two counts of robbery with an enhancement for personally using a gun, for which he received a 12-year sentence. After his release, he violated parole and committed two more felonies and a misdemeanor, all before committing his current offense. And while addiction may have motivated these offenses, he was given an opportunity to complete residential treatment prior to sentencing in the instant case and failed. In sum, nothing in the record compels a finding that defendant should be treated as though he had not previously been convicted of his serious felony. The trial court acted within its discretion in denying defendant's *Romero* motion.

## DISPOSITION

The judgment is affirmed.

         /s/
_____
Duarte, J.

We concur:

    /s/
_____
Blease, Acting P. J.

    /s/
_____
Murray, J.