Opinion
ALARCON, J.
This is an appeal by the People from the judge’s order dismissing an action under Penal Code section 1385 after it was revealed that the results of defendant’s urinalysis could not be located for trial.
*Supp. 12 Pertinent Facts
Defendant was arrested on December 12, 1975, for violation of Health and Safety Code section 11550 (under the influence of a controlled substance) and on that date a sample of his urine was taken for testing. On January 2, 1976, the date set for trial, the judge continued the trial to January 5 and ordered the city attorney to procure the urinalysis from the laboratory and produce it at trial.
On January 5, 1976, the city attorney reported that the urine sample had apparently not been received by the lab and could not be found. The People offered to reduce the charge to violation of Penal Code section 647, subdivision (f) (under the influence of an intoxicant in a public place), but the court said: “The court finds that the defendant under these circumstances is unable to present an adequate defense. The matter is dismissed pursuant to 1385.”

Issues Presented on this Appeal:

1. Whether a dismissal order under Penal Code section 1385 may be made on motion of the defendant.
2. Whether dismissal is the appropriate sanction following inability of the People to locate defendant’s urine sample.
Validity of the Dismissal Order
Section 1385 of the Penal Code “does not confer upon the defendant the privilege of moving to dismiss in the furtherance of justice” (People v. Shaffer (1960) 182 Cal.App.2d 39, 44 [5 Cal.Rptr. 844]; see also People v. Ellis (1928) 204 Cal. 39, 42 [266 P. 518]). However, a trial court may adopt the defendant’s suggestion that the matter be dismissed sua sponte (see People v. Ritchie (1971) 17 Cal.App.3d 1098, 1104 [95 Cal.Rptr. 462]). In the instant matter it is not totally clear whether the court acted on the suggestion of the defendant and dismissed on its own motion based on the reasons set forth in the docket or upon motion of the defendant.
The transcript of the hearing shows the following:
“Mr. Follín (defense counsel): There would be a motion to dismiss, your Honor.
*Supp. 13 “The Court: The urine sample has not been received at the laboratory?
“Ms. Wagner: No. I have tried to track the urine down, your Honor, and I haven’t been able to.
“The Court: The court finds that the defendant under these circumstances is unable to present an adequate defense. The matter is dismissed pursuant to 1385.”
Assuming that the trial court granted the defendant’s motion, if the reasons set forth are in the interests of justice, should we reverse the order for the sole reason that the trial court did not purport to do so on its own motion?
We have concluded that to so construe section 1385 of the Penal Code would be to exalt form over substance, as well as add to the burdens of an overworked court system. The practical result of such a restrictive construction of section 1385 would be that upon remand the trial court would schedule a new hearing after which it would ceremoniously pronounce the magic words and again dismiss the action.
Accordingly, it is our view that where the reasons set forth by the trial judge demonstrate that he acted in the interests of justice, we will sustain the order and treat it as an indication that the same facts would have motivated the court to make such an order on its own motion in the absence of a formal motion by the defendant.[1] The fact that a defendant notices a motion for dismissal and presents evidence and argument in support thereof does not affect the jurisdiction of the court to dismiss if the order is made in furtherance of justice. Section 1385 of the Penal Code merely denies appellate relief to a defendant whose motion to dismiss has been denied by the trial court because of a lack of standing.
*Supp. 14 Was the Dismissal In Furtherance of Justice?
The evidence does not reveal a wilful or deliberate destruction or suppression of the evidence. The evidence was lost. Thus, if the ruling in People v. Hitch (1974) 12 Cal.3d 641 [117 Cal.Rptr. 9, 527 P.2d 361] applies, the sanction should be suppression of the results of the test, not dismissal.
In Hitch, supra, the lower court had dismissed an action against defendant after it was revealed that the test ampoule in a breathalyzer test had been routinely destroyed prior to trial. In that case, the court found, first, a duty to preserve. The court said, at page 650: “As was said in United States v. Bryant, supra, 439 F.2d 642, 651, ‘It is most consistent with the purposes of those safeguards [Brady (v. Maryland, 373 U.S. 83, 87) and the federal discovery rules] to hold that the duty of disclosure attaches in some form once the Government has first gathered and taken possession of the evidence in question. Otherwise, disclosure might be avoided by destroying vital evidence before prosecution begins or before defendants hear of its existence. Hence we hold that before a request for discovery has been made, the duty of disclosure is operative as a duty of preservation.’ . . . This court also has recognized the same duty of preservation of evidence required to be disclosed under the due process requirements of Brady.”
The court in Hitch concluded that where evidence cannot be disclosed because of intentional but nonmalicious destruction, sanctions shall be imposed for nonpreservation and, unless the prosecution proves its good-faith efforts to “adhere to rigorous and systematic procedures designed to preserve the test ampoule and its contents” (at p. 653), then the results of the test will be inadmissible as evidence. However, “we hold that in such latter event [failure of the prosecution to establish good faith as defined above] due process shall not require a dismissal of the action....” (p. 653.)
No real distinction exists between the ephemeral or evanescent objective symptoms of alcohol abuse and heroin use except that the effects of alcohol ingestion disappear in a few hours while those of heroin consumption last for days. In fact, a person accused of alcohol intoxication should be able to make a stronger case for dismissal than a heroin user, since alcohol ingestion leaves no visible scars, and all *Supp. 15 symptoms disappear within a few hours once the alcohol has been diluted or excreted from the body by normal processes.
We see no reason to distinguish the sanction which should be imposed. In drunk driving, proof of intoxication is essential to guilt, and laboratory evidence of a lack of sufficient blood alcohol in the sample is a complete defense. In the charge of being under the influence of a controlled substance, chemical evidence can also establish the crime or show a complete defense.
The order dismissing the action is reversed.[2]
Marshall, P. J., and Cole, J., concurred.

 People v. Ellis (1928) 204 Cal. 39 [266 P. 518] is the fountainhead for the principle that a defendant has no “privilege” to move for a dismissal. However, in that case the court also noted that “the reasons for the dismissal are not set forth in an order entered upon the minutes of the court.” (People v. Ellis, supra, at p. 42.) In People v. Shaffer (1960) 182 Cal.App.2d 39 [5 Cal.Rptr. 844], the court cited the Ellis case but also pointed out that the record did not show that the defendant made a motion to dismiss. Both the Ellis and Shaffer cases were cited in People v. Ritchie (1971) 17 Cal.App.3d 1098 [95 Cal.Rptr. 462]. However, the court there pointed out that the dismissal granted by the trial court order was neither in furtherance of justice nor for the reasons urged by the defendant.

Nothing in this opinion will preclude the defendant from presenting evidence upon any retrial, as to the effect, if any, of his reliance if any, on the fact that he had taken a urine test.