Opinion
 

 SWAGER, J.
 

 Victor Gillispie appeals a judgment committing him to state prison for a term of 45 years and 8 months for a series of convictions of robbery and possession of a firearm as a felon. We modify in part, and otherwise affirm.
 

 Procedural History
 

 An information filed on January 25, 1996, in Alameda County charged appellant with ten counts of robbery (Pen. Code, § 211), one count of attempted robbery (Pen. Code, §§ 664, 211), and four counts of possessing a firearm as a felon (Pen. Code, § 12021). With respect to two counts of robbery and the count of attempted robbery, the information alleged enhancements for being armed with a firearm (Pen. Code, § 12022, subd. (a)), and, with respect to seven counts of robbery, it alleged enhancements for personal use of a firearm (Pen. Code, § 12022.5). The court later struck two of the personal-use enhancements on the motion of the district attorney. The information further alleged that appellant had been convicted in 1993 of residential burglary, a serious felony for purposes of the “Three Strikes” law (Pen. Code, § 667, subds. (a) and (e)(1)) and had served a prior term in state prison for a conviction of possession of narcotics (Health & Saf. Code, § 11350).
 

 The jury found appellant guilty on all counts and found all enhancements to be true. After appellant waived jury trial on the prior convictions, the court found the allegation of a prior conviction of a serious felony to be true. The court struck the enhancement for a prior prison term, though also finding it to be true.
 

 In a hearing on June 7, 1996, the court sentenced appellant to an aggravated term of five years for one robbery conviction, consecutive one-year
 
 *432
 
 terms for the remaining nine robbery counts, representing one-third of the midterm sentence, and a consecutive term of eight months for attempted robbery, again representing a one-third, midterm sentence. The court doubled the cumulative term pursuant to Penal Code section 667, subdivision (e)(1) resulting in a term of 29 years and 4 months. It then imposed additional terms of eleven years and four months for the firearm enhancements (Pen. Code, §§ 12022 and 12022.5) and five years for a prior serious felony enhancement (Pen. Code, § 667, subd. (a)). Appellant filed a timely notice of appeal.
 

 Discussion
 

 A.
 
 Wheeler
 
 Motion
 
 *
 

 B.
 
 Penal Code Section 1385
 

 Appellant next contends that the trial court abused its discretion in declining to strike the prior felony conviction for residential burglary pursuant to Penal Code section 1385. The People maintain that the defendant lacks standing to challenge on appeal the trial court’s refusal to strike a prior felony conviction, and, alternatively, that the trial court acted within its discretion. We will consider the procedural issue before addressing the exercise of the court’s discretion.
 

 In
 
 People
 
 v.
 
 Superior Court
 
 (Romero) (1996) 13 Cal.4th 497, 530 [53 Cal.Rptr.2d 789, 917 P.2d 628], the California Supreme Court held that trial courts have limited discretionary power under Penal Code section 1385, acting on their own motion or the motion of the district attorney, to strike prior felony convictions in cases subject to the sentencing provisions of Penal Code section 667, subdivisions (b) to (i). Orders striking such prior convictions are appealable
 
 (People
 
 v.
 
 Superior Court (Romero), supra,
 
 at p. 504;
 
 People
 
 v.
 
 Mills
 
 (1985) 164 Cal.App.3d 652 [210 Cal.Rptr. 669];
 
 People
 
 v.
 
 Dewberry
 
 (1974) 40 Cal.App.3d 175, 182 [114 Cal.Rptr. 815]), and, to assist in appellate review, section 1385 requires the trial court to set forth its reasons for striking the sentencing allegations “in an order entered upon the minutes.”
 

 A determination not to strike a prior conviction presents distinct procedural issues. A defendant has no right to move to strike a prior felony conviction pursuant to Penal Code section 1385, but may only “ask the trial
 
 *433
 
 court to exercise its discretion under section 1385”
 
 (People
 
 v.
 
 Superior Court
 
 (Flores) (1989) 214 Cal.App.3d 127, 137 [262 Cal.Rptr. 576]).
 
 [1]
 
 The trial court is not required to state reasons for declining to exercise its discretion under section 1385
 
 (People
 
 v.
 
 Mack
 
 (1986) 178 Cal.App.3d 1026, 1032 [224 Cal.Rptr. 208]).
 

 The People argue that a defendant has no standing to complain of the manner in which the trial court exercises its discretion to deny such relief under Penal Code section 1385. They reason that a defendant cannot complain of an order denying that which he had no right to request.
 
 [2]
 
 In our opinion, however, the People erroneously analyze the issue of standing. In an appeal from a “final judgment of conviction” under Penal Code section 1237, subdivision (a), the defendant has standing to raise a claim of error in any part of the record,
 
 [3]
 
 including actions which the trial court takes on its own motion. The fact that an action is taken on the court’s own motion does not preclude the possibility of error appearing on the record.
 
 [4]
 

 
 *434
 
 It is well established that a defendant may appeal from the denial of relief under section 1385 on the ground that the trial court failed to properly exercise its discretion. In
 
 People
 
 v.
 
 Fritz
 
 (1985) 40 Cal.3d 227, 229 [219 Cal.Rptr. 460, 707 P.2d 833], the court held: “Because the record reveals that in this case the trial court erroneously believed it had no discretion to strike the prior, we vacate the judgment and remand the case to the trial court to permit it to resentence defendant with an accurate view of its powers.” In
 
 People
 
 v.
 
 Superior Court (Romero), supra,
 
 13 Cal.4th at page 530, footnote 13, the court specifically stated, “A defendant serving a sentence under the Three Strikes law (§§667, subds. (b)-(i), 1170.12) imposed by a court that misunderstood the scope of its discretion to strike prior felony conviction allegations in furtherance of justice pursuant to section 1385[, subdivision] (a), may raise the issue on appeal . . . .”
 

 We see no valid distinction between a failure to exercise discretion and a failure to exercise discretion in a lawful manner. In either case, if error affirmatively appears on the record, the defendant may seek remand for resentencing through an appeal. We stress, however, the requirement that error must affirmatively appear on the record. On a silent record in a post
 
 -Romero
 
 case, the presumption that a trial court ordinarily is presumed to have correctly applied the law should be applicable.
 
 (People
 
 v.
 
 Moran
 
 (1970) 1 Cal.3d 755, 762 [83 Cal.Rptr. 411, 463 P.2d 763]; Evid. Code, § 664.)
 

 Furthermore, we note that the trial court may ordinarily rely on the record of conviction to justify the denial of relief under Penal Code section 1385. In general, “[w]here the Legislature establishes a sentencing norm and requires the court explicitly to justify a departure therefrom, and the court sentences in conformity with the legislative standard, all that is required on the appellate record is a showing that the court was aware of its discretion to select an alternative disposition.”
 
 (People
 
 v.
 
 Langevin
 
 (1984) 155 Cal.App.3d 520, 524 [202 Cal.Rptr. 234].) This principle, however, does not preclude the possibility of error in the exercise of the trial court’s discretion. For example, the record may show that the court was motivated by considerations that violate the guarantee of equal protection under the law, such as bias related to the defendant’s race or national origin, or that under the peculiar circumstance of the case, the sentencing norms produced an “arbitrary, capricious or patently absurd” result. (See
 
 People
 
 v.
 
 Jordan
 
 (1986) 42 Cal.3d 308, 316 [228 Cal.Rptr. 197, 721 P.2d 79] [dealing with the closely analogous procedural context of Penal Code section 1170.1, subdivision (h)].)
 

 
 *435
 
 On the present record, appellant has clearly failed to show an abuse of discretion. Appellant began a string of robberies less than a month after being released on parole. The offenses were numerous and most involved the personal use of a firearm. As the trial court observed this is “the kind of case that they [the voters] had in mind for the implementation of a Three Strikes law.”
 

 C.-L
 
 *
 

 Disposition
 

 The judgment is modified to delete the sentence enhancements for counts one and two under Penal Code section 12022, subdivision (a), consisting of two 4-month terms. In other respects, the judgment is affirmed.
 

 Stein, Acting P. J., and Dossee, J., concurred.
 

 The petitions of both respondent and appellant for review by the Supreme Court were denied April 1, 1998. Baxter, J., was of the opinion that the petitions should be granted.
 

 *
 

 See footnote,
 
 ante,
 
 page 429.
 

 [1]
 

 We recognize that requests of this kind are commonly made in the conventional form of a motion as was done in this matter. It is clear from the record before us that the trial court, after correctly anticipating the Supreme Court’s decision in
 
 Romero,
 
 did in fact consider the motion and did not summarily refuse to hear it, which would raise a distinct issue from the one now before us. The court engaged in a process which manifested its intent to exercise its discretion to grant or deny the motion. We therefore regard the trial court as having acted on its own motion in declining to exercise its powers under section 1385
 
 (People
 
 v.
 
 Angeles
 
 (1985) 172 Cal.App.3d 1203, 1210, fn. 7 [218 Cal.Rptr. 756]).
 

 [2]
 

 The People construe certain ambiguous dicta in
 
 People
 
 v.
 
 Benson
 
 (1976) 64 Cal.App.3d Supp. 10, 12 [134 Cal.Rptr. 766], as supporting their position. The decision states, “Section 1385 of the Penal Code merely denies appellate relief to a defendant whose motion to dismiss has been denied by the trial court because of a lack of standing.”
 
 (People
 
 v.
 
 Benson, supra,
 
 at p. Supp. 13.) The People read the phrase “because of a lack of standing” as a misplaced modifier referring to denial of appellate relief, rather than denial of the motion. The sentence, however, states literally that a defendant has no right of appellate review where the defendant’s motion was denied on the specific ground that he lacked standing to bring the motion. Indeed, a denial of the motion on this ground would not present any arguable issue on appeal. We construe the dicta in this sense.
 

 [3]
 

 A defendant’s right to appeal certain issues is, of course, limited by the provisions of Penal Code section 1237.5.
 

 [4]
 

 The People draw an analogy to Penal Code section 1170, subdivision (d), which authorizes the trial court, on its own motion, to recall a commitment and resentence a defendant within a prescribed time period. They note that the courts have consistently held that an order denying a defendant’s request to resentence pursuant to this section is not appealable. (E.g.,
 
 People
 
 v.
 
 Pritchett
 
 (1993) 20 Cal.App.4th 190, 194 [24 Cal.Rptr.2d 391].)
 

 However, the trial court’s exercise of discretion to recall a sentence under Penal Code section 1170, subdivision (d), presents a distinguishable issue because it occurs
 
 after
 
 judgment is entered. The appealability of an order after judgment is not governed by subdivision (a) of Penal Code section 1237, but rather by subdivision (b), which allows an appeal from “any order made after judgment, affecting the substantial rights of the party.” The decisions holding such an order not to be appealable rely on the reasoning that an order denying a motion to resentence does not affect “the substantial rights of the party” within the meaning
 
 *434
 
 of that statutory provision.
 
 (People
 
 v.
 
 Pritchett, supra,
 
 20 Cal.App.4th 190, 194;
 
 People
 
 v.
 
 Chlad
 
 (1992) 6 Cal.App.4th 1719, 1725 [8 Cal.Rptr.2d 610];
 
 People
 
 v.
 
 Gainer
 
 (1982) 133 Cal.App.3d 636, 641 [184 Cal.Rptr. 120].)
 

 *
 

 See footnote,
 
 ante,
 
 page 429.