Filed 5/2/14  P. v. Rhodes CA5

Opinion after recall of remittitur

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DONNELL JEFFERY RHODES,<br><br>    Defendant and Appellant. | F065830<br><br>(Super. Ct. No. CRM014685)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Ralph J. Cook, Commissioner and Brian L. McCabe, Judge.[†]

Gregory Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Rebecca Whitfield, Deputy Attorneys General, for Plaintiff and  Respondent.

-ooOoo-

Defendant Donnell Jeffery Rhodes pled no contest to receiving stolen property. He also admitted suffering one prior strike conviction and two prior prison terms.  The

---

[*]    Before Hill, P. J., Levy, J. and Cornell, J.

[†]    Commissioner Cook presided over the *Romero* motion on November 2, 2011.  Judge McCabe presided over the sentencing on February 10, 2012.

court denied defendant's *Romero*[1] motion and sentenced him to eight years in prison.  On appeal, defendant contends the court (1) failed to properly exercise its discretion in ruling on his *Romero* motion, and (2) erred when it imposed two fees.  The People concede, and we agree, that the challenged fees must be revised.  However, defendant has failed to demonstrate the court erred in denying his *Romero* motion and therefore we affirm the sentence.

## *FACTS*[2]

"On December 12, 2010, at approximately 9:03 a.m. officers were dispatched to Pacifica Tanning due to an alarm.  Upon arrival, the officers checked the surrounding area of the business and noticed a door to be slightly ajar.  As the officers walked toward the doorway the defendant quickly walked out attempting to walk away past the officers.  The defendant was contacted by the officers and when questioned as to why he was there, he stated he was an employee who was there to clean the windows.  The defendant was unable to provide his window washing supplies.  The defendant denied having anything illegal on him and agreed to a search.  He provided officers with a Merced College and a Parole Identification Card.  Officers found a gray DVD remote which was marked True Tech.  The defendant stated he must have accidentally picked it up from home when he got his cell phone.  The defendant kept insisting he entered the business only to see if 'Joan' was present.

"A short time later, Rebecca Manandic showed up on scene and stated she runs the business.  She stated she does not have any employees with the name of Joan.  Manandic stated she does not know the defendant and he did not have permission to be in her business.  She stated one of her employees must have forgotten to lock the door.  Manandic noticed a yellow colored palm tree bag that was placed on the floor with trash bags, a True Tech DVD Player, and a Uniden cordless phone in it.  The defendant was

---

[1]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).
[2]     Because defendant entered a no contest plea, the facts are taken verbatim from the probation officer's report.

2.

subsequently arrested and his *Miranda*[3] rights were read. The defendant denied the burglary. The defendant was transported and booked into the Merced County Jail. The Parole Agent also placed a hold on the defendant."

## *DISCUSSION*

### I.      *Romero Motion*

Defendant contends this case must be remanded for resentencing because the court failed to consider all the factors it was required to consider in ruling on his *Romero* motion. We disagree.

#### A.      *Background*

On July 14, 2011, an information was filed charging defendant with second degree burglary (Pen. Code, § 459; count 1)[4] receiving stolen property (§ 496, subd. (a); count 2), and possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); count 3). With respect to counts 1 and 2, the information alleged defendant had three prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(e)). With respect to count 2, the information alleged that defendant had two prior prison terms (§ 667.5, subd. (b)). On July 27, 2011, defendant entered a plea of not guilty.

On October 20, 2011, defendant filed a *Romero* motion inviting the court to strike one of his prior strike convictions. The People filed written opposition on October 31, 2011.

On November 2, 2011, defendant's *Romero* motion came on for hearing before Commissioner Ralph J. Cook. The parties submitted on the briefing and Commissioner Cook ruled as follows:

> "While the present offense is not the most serious offense that somebody could commit, it's not as serious as some of the history, it is a second degree burglary. Frequently, discussions—motions are made, if it's somebody with a petty theft with a package of cigarettes, something like

---

**3**      *Miranda v. Arizona* (1966) 384 U.S. 436.
**4**      Further statutory references are to the Penal Code unless otherwise specified.

that. I don't think this type of charge is nearly as minimal as something like that. I think it still is a serious offense. [¶] The invitation to strike the strike, the *Romero* motion is denied."

On December 13, 2011, defendant withdrew his not guilty plea and entered a no contest plea to count 2. He also admitted one of the prior strike convictions and the two prior prison terms. The plea agreement contemplated that defendant would be sentenced to the upper term of three years on count 2, which would be doubled to six years pursuant to the "Three Strikes" law, and he would also receive two consecutive one-year terms for the prison priors.

At sentencing on February 10, 2012, defendant renewed his *Romero* motion. The court, which was presided over by Judge Brian L. McCabe, ruled as follows:

> "First, the Court notes that it does believe it has the ability to entertain a *Romero* anew, but it declines to do so for the same factors stated by the prior judicial officer and ruling on the *Romero*, and it concurs with its analysis."

The court then proceeded to sentence defendant in accordance with the terms contemplated by the plea agreement.

### B. *Applicable Legal Principles*

Under section 1385, subdivision (a), a judge "may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." *Romero* held that "a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, 'in furtherance of justice' pursuant to ... section 1385[, subdivision] (a)." (*People v. Williams* (1998) 17 Cal.4th 148, 158 (*Williams*).) The court is required to consider "'whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as

4.

though he had not previously been convicted of one or more serious and/or violent felonies.' [Citation.]" (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

"[A] trial court's refusal or failure to dismiss or strike a prior conviction allegation under section 1385 is subject to review for abuse of discretion." (*Carmony*, *supra*, 33 Cal.4th at p. 375.)  "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

"Because the circumstances must be 'extraordinary ... by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

### C.    Analysis

Defendant concedes that his "past and present conduct would support a discretionary decision to deny relief."  However, he asserts the comments Commissioner Cook made in denying his original *Romero* motion (which Judge McCabe subsequently adopted in denying his renewed motion) demonstrate the court "considered *solely* and *only* the seriousness of the present offense" and "failed to consider in any way the majority of factors the *Romero/Williams* doctrine required it to consider."

It is true that a trial court errs if it fails to appreciate the scope of its discretion and therefore fails to exercise it.  (*Carmony*, *supra*, 33 Cal.4th at p. 378.)  But it is defendant's burden to demonstrate an abuse of discretion (*Romero*, *supra*, 99 Cal.App.4th at pp. 1433-1434), and reviewing courts will not infer sentencing error if the record does not affirmatively show it.  (*Carmony*, at p. 378 [court ordinarily is presumed to have correctly applied the law on *Romero* motions].)  In this context—where a defendant seeks to establish the negative proposition that the trial court did not consider

what it was required to consider—a defendant can rarely meet the burden to affirmatively demonstrate error because the trial court is not required to state reasons for declining to strike a strike prior. (*People v. Gillispie* (1997) 60 Cal.App.4th 429, 433.) In other words, where the Legislature establishes a sentencing norm and requires the trial court to explicitly justify a departure therefrom, all that is required on the appellate record is a showing that the trial court was aware of its discretion to select an alternative disposition. (*Id.* at p. 434.)

The record here does not affirmatively demonstrate the court failed to consider all the relevant factors in ruling on defendant's *Romero* motion. These factors were thoroughly covered in the briefs filed by the parties below, and the court specifically noted it had "read and reviewed" the parties' briefing at the beginning of the hearing on defendant's original *Romero* motion. Thus, we can presume the court was aware of the factors it was required to consider. Contrary to defendant's suggestion, the court's comments focusing on the seriousness of the present offense do not affirmatively prove the court *only* considered that factor in ruling on the motion. Defendant's assertion is also undermined by the court's express recognition that defendant's current offense was not as serious as others in his criminal history, suggesting the court did review and consider his background and prior strikes. There is simply no basis for us to conclude the court did not appreciate the scope of its discretion and failed to properly exercise it in denying either the original or renewed *Romero* motion.[5]

---

[5]    We summarily reject defendant's contention that the recent passage of Proposition 36 is a "significant factor pointing towards reversal and remand." He cites no authority for, and we find unpersuasive, his claim that "Proposition 36 alters the universe of many 'Three Strikes' cases, including this one, to such an extent that a *Romero* decision that preceded the date of adoption of Proposition 36, but involved a case not final at the time of that adoption, should be reconsidered by the trial court."

## II. *Imposition of Fees*

At sentencing, the court imposed a fee of $320 under section 1465.8[6] and a fee of $240 under Government Code section 70373.[7] Defendant argues, and the People agree, these fees should each be reduced. They are correct. Defendant, who stands convicted of a single criminal offense as a result of the plea agreement, is to pay a fee of $40 under section 1465.8 and a fee of $30 under Government Code section 70373.

### *DISPOSITION*

The superior court is directed to prepare an amended abstract of judgment and forward a copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation so that the fee imposed under Penal Code section 1465.8 is reduced to $40, and the fee imposed under Government Code section 70373 is reduced to $30. In all other respects, the judgment is affirmed.

---

[6] Section 1465.8 provides, in pertinent part: "(a)(1) To assist in funding court operations, an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense."

[7] Government Code section 70373 provides, in pertinent part: "(a)(1) To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense .… The assessment shall be imposed in the amount of thirty dollars ($30) for each … felony."

7.