Filed 11/25/20  P. v. Jones CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C090620 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2015-0007839, SF132584A) |
| v. | |
| BRENNAN TYRELL JONES, | |
| Defendant and Appellant. | |

A jury found defendant Brennan Tyrell Jones guilty of second degree robbery (Pen. Code, § 211),[1] and found true allegations that he had sustained a serious felony conviction that qualified as both a strike (§§ 667, subd. (d); 1170.12, subd. (b)) and a five-year enhancement (§ 667, subd. (a)).  We affirmed defendant's conviction but remanded the matter to the trial court to consider its newly conferred discretion to dismiss the five-year enhancement under Senate Bill No. 1393 (2017-2018 Reg. Sess.).

---

[1] Undesignated references are to the Penal Code.

(*People v. Jones* (Dec. 31, 2018, C083149) [nonpub. opn.] slip opn. at pp. 21-23 (*Jones I*).)  At the resentencing hearing, the trial court declined to dismiss the enhancement, and imposed the same sentence previously imposed:  a total of 11 years, including the five-year enhancement under section 667, subdivision (a).  Defendant again appeals, arguing that the trial court abused its discretion in declining to strike the five-year enhancement at the resentencing hearing.  We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

"[D]efendant entered a Rabobank in Stockton.  When he asked to make a deposit to his sister's account, the teller told him he needed the account number.  He said he would return.  When he returned to the bank, defendant encountered a friend from high school; they hugged and exchanged pleasantries.  Defendant then went to the teller and handed her a deposit slip that said 'Put it up' or 'Give me it' or something similar.  The frightened teller gave defendant about $2,000 from her cash drawer and defendant left." (*Jones I, supra*, C083149, slip opn. at p. 2.)  A jury found defendant guilty of second degree robbery (§ 211) in July 2016, and separately found that defendant had previously been convicted of a "strike" offense, assault with an enhancement for great bodily injury (§ 245, subd. (a)(4); 667.5, subd. (c)(8)).  (*Jones I,* slip opn. at p. 1.)  Prior to sentencing, defendant filed a *Romero* motion to dismiss the strike in the interest of justice, which the trial court denied.  (*Jones I,* slip opn. at pp. 1-2, 17-19.)  Defendant was then sentenced to 11 years in state prison based on the middle term of three years, doubled to six years for the strike (§ 667, subd. (d)), plus five years for having committed a prior serious felony (§ 667, subd. (a)).

On direct appeal, this court upheld the trial court's denial of defendant's *Romero* motion, and otherwise affirmed the judgment.  (*Jones I, supra*, C083149, slip opn. at pp. 17-19, 23.)  But the matter was remanded to the trial court to consider dismissing the five-year enhancement pursuant to newly granted authority under Senate Bill No. 1393. (*Jones I*, slip opn. at pp. 21-23.)  Following our opinion in *Jones I*, upon remand, defense

2

counsel filed a motion to dismiss the section 667, subdivision (a), enhancement in the interest of justice. As she had in arguing the *Romero* motion, counsel argued that the bank teller who was robbed could not be considered a vulnerable victim for purposes of sentencing. Counsel also argued that at the time of the robbery, defendant was living with and helping to care for his father, who was suffering from kidney failure, and that his family was under a lot of financial stress.

At a hearing on October 7, 2019, both counsel and defendant spoke in favor of the motion, while the prosecutor opposed the request. Defendant apologized for his criminal conduct, talked about programs he was engaged in, and said he had robbed the bank "to help keep my parent's [*sic*] house." The prosecutor said that while defendant "is on the right track . . . it does not change the fact he committed a violent offense, a robbery in this case, nor does it change the fact he has a prior strike for felony involving violence." After entertaining oral argument, the trial court declined to dismiss the five-year enhancement. The court explained: "I remember this case. I remember this trial. I remember the bank teller testifying. I specifically remember her testifying in this case, and the mental trauma she went through because of this incident and eventually leaving that particular bank and I think even getting out of the banking industry, period, because of what happened." Even though the teller did not see a weapon in defendant's hands, she was "[e]xtremely traumatized." The court acknowledged defendant had made efforts to take classes and reflect on his actions. However, the court also reminded defendant that he had been previously sentenced to eight years for an assault that left the victim in that case "in a coma for a month." The court also recalled that the prosecutor had recommended that defendant receive the upper term of five years for the robbery conviction, and that the court instead sentenced him to the middle term of three years "because I knew I was going to impose the five-year [enhancement] also." Accordingly, the court stated it continued to believe that the 11-year sentence it imposed was "the appropriate sentence in this case."

3

# DISCUSSION

Defendant contends that the trial court abused its discretion by declining to strike the five-year prior serious felony enhancement imposed under section 667, subdivision (a). Specifically, he argues that the court erred because defendant "produced compelling evidence that he has turned his life around" and the court erred in concluding that the circumstances of defendant's robbery and prior conviction warranted imposition of the enhancement. We disagree.

As the parties agree, we review a trial court's decision not to dismiss an enhancement for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 371; *People v. Shaw* (2020) 56 Cal.App.5th 582, 586.) A trial court has statutory authority under section 1385 to dismiss a prior "strike" conviction (see *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530), and it seems reasonable to apply the same "abuse of discretion" standard used in reviewing the denial of a *Romero* motion here. Under this standard, the defendant bears the burden of showing that the trial court's sentencing decision was irrational and arbitrary. (*Carmony,* at p. 376.) In light of this standard, a trial court "will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances." (*Id.* at p. 378.) "For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion to dismiss [citation], or where the court considered impermissible factors in declining to dismiss." (*Ibid.*) We are not free to substitute our judgment for that of the trial court (*id.* at p. 377) or to assign a different weight to the various factors informing a discretionary decision (*People v. Willover* (2016) 248 Cal.App.4th 302, 323). "Where, as here, a discretionary power is inherently or by express statute vested in the trial judge, his or her exercise of that wide discretion must not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)

4

In determining whether the trial court abused its discretion, we are guided by cases interpreting the three strikes law. The trial court may evaluate the nature and circumstances of the defendant's present and prior felonies and the particulars of his background and character. (See, e.g., *People v. Williams* (1998) 17 Cal.4th 148, 161; *People v. Shaw*, *supra*, 56 Cal.App.5th at p. 587 [citing *Williams* court's interpretation of "identical 'in furtherance of justice' language found in section 1385, subdivision (a)"].) However, the court is not required to explain its decision in declining to dismiss a prior conviction; only if the court exercises its discretion to dismiss a prior must it provide its reasons "orally on the record." (§ 1385, subd. (a); *People v. Gillispie* (1997) 60 Cal.App.4th 429, 432-433.) Applying these legal principles, we conclude that the trial court did not abuse its discretion in declining to strike or dismiss the five-year enhancement. The court noted the nature and circumstances of defendant's crime and previous conviction and concluded that the sentence was appropriate. The record demonstrates that the court understood its discretion and exercised it appropriately. (See *Shaw,* at p. 58 ["No error occurs if the trial court evaluates all relevant circumstances to ensure that the punishment fits the offense and the offender"].)

Defendant argues that the intent of Senate Bill No. 1393 to reduce prison population and state spending on prisons is thwarted by the trial court's ruling. The People agree that the intent behind Senate Bill No. 1393 "was to reduce the prison population and prison costs by decreasing the length of prison sentences for some offenders," but contend "that does not mean that the intent of the legislation is thwarted every time a trial court denies a request to strike a five-year enhancement." We agree. While defendant is correct in his analysis of the broad intent of Senate Bill No. 1393, that alone does not persuade us that the trial court abused its discretion in declining to dismiss the enhancement in his particular case. Defendant's circumstances were brought to the court's attention and considered at sentencing. The court considered defendant's prospects and efforts to engage in positive programs and commended him for it, but did

5

not agree that those circumstances warranted striking the enhancement. This was a reasonable and informed discretionary sentencing decision.

## DISPOSITION

The judgment is affirmed.


/s/
Duarte, J.

We concur:


/s/
Hull, Acting P. J.


/s/
Murray, J.