Filed 3/8/24  P. v. Spaugy CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080906 |
| v. | (Super. Ct. No. FVI22002321) |
| JEVERION WADE SPAUGY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam I. Morton, Judge.  Affirmed.

Robert L. Hernandez, by appointment of the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Deputy Attorney General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Jeverion Spaugy was convicted of forcible rape of his adopted 17-year-old sister and sentenced to 14 years in state prison. He now appeals the trial court's denial of his *Romero*[1] motion to vacate his prior felony conviction allegation.

Defendant argues that the trial court abused its discretion by failing to afford "great weight" to the mitigating circumstances articulated in the recent amendment to Penal Code[2] section 1385 and by denying the *Romero* motion despite an absence of evidence of endangerment to public safety. The People argue that the amendment does not apply to sentences, such as defendant's, that were increased by the "Three Strikes" law.

We conclude that the amended law's references to "enhancements" do not include Three Strikes punishments, such that defendant's argument fails. We therefore affirm the trial court's ruling on defendant's *Romero* motion.

## FACTUAL AND PROCEDURAL HISTORY

On January 4, 2023, a jury found defendant guilty of forcible rape under section 261. Defendant subsequently waived his right to a jury trial on the existence of aggravating factors and his previous felony conviction, and instead proceeded by court trial. At the court trial, the court found the aggravating factors to be true; and a prior

---

[1] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

[2] All further statutory citations are to the Penal Code unless otherwise noted.

conviction for attempted robbery with misdemeanor gang participation to be true beyond a reasonable doubt.

At the sentencing hearing on March 14, 2023, the court considered defendant's request to strike the prior conviction (his *Romero* motion) for which defendant had been convicted as an adult despite having committed the offense when he was 17 years old. Defendant argued that the conviction allegation should be stricken in the interests of justice because the conviction was eight years old and its dismissal would not endanger public safety. The court denied the *Romero* motion and sentenced defendant to the low term of seven years. Because the court found a strike within the meaning of the Three Strikes law, defendant's sentence was then doubled to 14 years.

The trial court relied on that same conviction to also find a five-year enhancement under section 667, subdivision (a)(1), for a prior conviction on a serious felony. However, the trial court then stayed the enhancement, such that it was not applied to defendant's prison term.

On March 14, 2023, defendant timely filed a notice of appeal.

## DISCUSSION

A. <u>STANDARD OF REVIEW</u>

Defendant made his *Romero* motion pursuant to section 1385, subdivision (a), which refers to the trial court's power to dismiss a criminal action "in furtherance of justice." The Supreme Court has held that this statute also provides "the lesser power to strike factual allegations relevant to sentencing, such as the allegation that a defendant has prior felony convictions." (*Romero*, *supra*, 13 Cal.4th at p. 504.)

3

"It is well established that a defendant may appeal from the denial of relief under section 1385 on the ground that the trial court failed to properly exercise its discretion." (*People v. Gillispie* (1997) 60 Cal.App.4th 429, 434.) "A court's discretion to strike prior felony conviction allegations in furtherance of justice is limited. Its exercise must proceed in strict compliance with section 1385(a), and is subject to review for abuse." (*Romero*, *supra*, 13 Cal.4th at p. 530.) Likewise, "a court's failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).)

"[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.) It "is not required to state reasons for declining to exercise its discretion under section 1385. . . . [¶] . . . [¶] [I]f error affirmatively appears on the record, the defendant may seek remand for resentencing through an appeal. We stress, however, the requirement that error must affirmatively appear on the record. On a silent record in a post-*Romero* case, the presumption that a trial court ordinarily is presumed to have correctly applied the law should be applicable." (*People v. Gillispie*, *supra*, 60 Cal.App.4th at pp. 433-434.)

Thus, "an appellate court will not disturb the trial court's ruling denying defendant's request to dismiss his strike conviction absent an affirmative showing of an abuse of discretion." (*People v. Uecker* (2009) 172 Cal.App.4th 583, 599.) "In the absence of evidence to the contrary, we presume that the trial court considered all of the

4

relevant factors and properly applied the law." (*People v. Brugman* (2021) 62 Cal.App.5th 608, 638.)

B.     A TRIAL COURT'S DENIAL OF A *ROMERO* MOTION

The Three Strikes law was codified in subdivisions (b) through (i) of section 667. The statute provides, in relevant part, that when a criminal defendant is being sentenced for a felony and "has one prior serious or violent felony conviction . . . the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction." (§ 667, subd. (e)(1).) The provisions of the Three Strikes law are mandatory. (§ 667, subd. (f)(1).) "[T]he Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike." (*People v. Strong* (2001) 87 Cal.App.4th 328, 337.) The law "not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so . . . the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper. [¶] In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances." (*Carmony*, *supra*, 33 Cal.4th at pp. 377-378.)

"In reviewing this decision [to strike a prior] we follow the Supreme Court's direction to consider the nature and circumstances of the present crimes; the defendant's prior convictions; his background, character and prospects." (*People v. McGlothin*

5

(1998) 67 Cal.App.4th 468, 474-475.) "[N]o weight whatsoever may be given to factors extrinsic to the scheme." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) Dismissing the strike is appropriate when, after weighing the permissible factors, the defendant is "deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Ibid.*)

Here, defendant's sentence conformed with the Three Strikes law: the low term of seven years was doubled to 14 years because of his prior felony conviction. We therefore undertake our review with the initial presumption that the trial court's denial of the *Romero* motion and the resulting sentencing order were "rational and proper." (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

The crux of defendant's argument is that the trial court's denial of his *Romero* motion was an abuse of discretion because the court failed to "afford great weight" to certain mitigating circumstances. He derives this requirement from subdivision (c) of section 1385, which was added to the statute, effective January 1, 2022, by Senate Bill No. 81 (2021-2022 Reg. Session). (Stats. 2021, ch. 721, § 1, eff. Jan. 1, 2022.) Defendant argues that subdivision (c), refers to the dismissal of sentencing "enhancements"; and that such enhancements include the provision of the Three Strikes law that doubled his term of imprisonment. The People argue that this doubling was not an enhancement; that subdivision (c) only applies to enhancements; and that because the Three Strikes doubling was not an enhancement, subdivision (c) did not apply. The People contend that the trial court properly denied defendant's *Romero* request.

6

C.    SECTION 1385, SUBDIVISION (C), IS INAPPLICABLE TO THREE

STRIKES PUNISHMENTS

Pursuant to the new subdivision (c) of section 1385, the trial court "shall dismiss

an enhancement if it is in the furtherance of justice to do so" and must "consider and

afford great weight to evidence offered by the defendant to prove that any of the

mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of

one or more of these circumstances weighs greatly in favor of dismissing the

enhancement, unless the court finds that dismissal of the enhancement would endanger

public safety.  'Endanger public safety' means there is a likelihood that the dismissal of

the enhancement would result in physical injury or other serious danger to others."

(§ 1385, subds. (c)(1) & (c)(2).)

The mitigating circumstances that are allegedly relevant to this appeal are

defendant's age when he committed the offense supporting the enhancement, i.e.,

whether he was a juvenile; and the age of the prior conviction.  (§ 1385, subds. (c)(2)(G)

& (c)(2)(H).)

As the People have noted, the Third District addressed in *People v. Burke* (2023)

89 Cal.App.5th 237 (*Burke*) whether a punishment imposed by the Three Strikes law is

an "enhancement for purposes of section 1385" or whether, as the People contend here,

"a prior strike conviction is part of an alternative sentencing scheme" and is therefore *not*

subject to section 1385, subdivision (c).  (*Burke*, at p. 241.)  The Third District held that a

Three Strikes punishment is not an enhancement.  Specifically, it cited language from

*Romero*, *supra*, 13 Cal.4th 497 at page 527, which stated that the Three Strikes law was

7

"an alternative sentencing scheme for the current offense" rather than an enhancement. (*Burke*, at p. 243.) It also cited the Second District's opinion in *People v. Williams* (2014) 227 Cal.App.4th 733, which held that the Three Strikes law was "not an enhancement because it does not add an additional term of imprisonment to the base term." (*Id.* at p. 744.)

"Whether the amendments to section 1385 apply to prior strike convictions is a question of statutory interpretation which we review de novo." (*Burke*, *supra*, 89 Cal.App.5th at p. 242.) "The statute's plain language controls unless its words are ambiguous." (*People v. Maultsby* (2012) 53 Cal.4th 296, 299.) "When, however, a term has developed a particular meaning in the law, we generally presume the legislative body used the term in that sense rather than relying on ordinary usage." (*In re Friend* (2021) 11 Cal.5th 720, 730.)

Here, defendant urges this court to diverge from the Third District's holding. We decline to do so. As the Third District succinctly reasoned, the Three Strikes law has traditionally been distinguished from enhancements and is understood to instead create an alternative sentencing scheme. This is because, while an enhancement adds time to a sentence that has been imposed by a specific statute, a Three Strikes law sentence is imposed under the Three Strikes law itself. We presume the Legislature was aware of this distinction and, in the absence of explicitly contrary language, presume that it intended the distinction to apply to section 1385.

In an opinion published after the parties filed their briefs in this matter, the First District Court of Appeal expanded on the analysis in *Burke* by highlighting the legislative

history of the bill, which "confirms the Legislature had no such intent" to extend the amendments to the Three Strikes law. (*People v. Olay* (2023) 98 Cal.App.5th 60, 67, petn. for review pending, petn. filed Jan. 30, 2024.) A June 2021 bill analysis explicitly distinguished between enhancements and alternative penalty schemes. (*Ibid.*, citing Assem. Com. on Public Safety, Analysis of Sen. Bill No. 81 (2021-2022 Reg. Sess.) as amended Apr. 27, 2021, pp. 5-6.) The analysis stated that the Three Strikes law was an alternative penalty scheme and that this bill did not encompass alternative penalty schemes. (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 81, *supra*, as amended Apr. 27, 2021, p. 6.) As the First District wrote, "A more unambiguous statement of the Legislature's intent to adopt the legal meaning of enhancement for section 1385, subdivision (c) can hardly be imagined." (*Olay*, at p. 68.)

Given these principles of statutory interpretation and the supportive legislative materials, we must reject defendant's reading of section 1385. We are instead in agreement with our sister courts of appeal that the amendments to section 1385 apply only to punishment enhancements; and by limiting the application of section 1385 to enhancements, the Legislature excluded Three Strikes punishments. It follows that the trial court was not required to give great weight to the mitigating circumstances provided by section 1385. Its alleged failure to do so does not constitute error.

    D.    <u>DEFENDANT'S CHALLENGE TO THE FIVE-YEAR ENHANCEMENT FAILS</u>

Section 667, subdivision (a)(1), imposes a five-year enhancement on a sentence when the defendant has already been convicted of a serious felony at least once before.

In his reply brief, defendant argues for the first time that section 1385 applies to his sentence, even if the statute does not apply to Three Strikes punishments, because his prior conviction was also used to support a five-year enhancement. However, we generally disregard new claims that are raised in a reply brief. (*Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11.)

Irrespective of whether defendant timely presented this issue, the record reflects that the enhancement had been stayed, such that even if the trial court had dismissed the prior conviction for enhancement purposes, the dismissal would not have lessened defendant's sentence—he still would have been sentenced to 14 years in prison. Thus, defendant cannot show prejudice.

Because the five-year enhancement argument was waived and because defendant was not prejudiced by the error he alleges, we decline to address the issue any further.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

RAPHAEL
J.

MENETREZ
J.