Filed 11/20/24  P. v. Perez CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHNNY JOSE PEREZ,<br><br>    Defendant and Appellant. | G062571<br><br>(Super. Ct. No. 20CF1392)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Scott A. Steiner, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Michael J. Patty, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \*

Johnny Jose Perez was convicted of mayhem and assault stemming from his participation in the beating of a fellow jail inmate. He does not appeal the substance of his convictions; instead, he argues the court erred at sentencing when it failed to dismiss all but one of the enhancements alleged against him.

Perez contends that because Penal Code[1] section 1385, subdivision (c)(2)(B), contains the phrase "all enhancements beyond a single enhancement shall be dismissed," it required the court to do so in this case. We must disagree.

Numerous other courts have concluded that, when the phrase at issue here is read in the context of the broader statutory language the court must dismiss enhancements only if it makes the discretionary determination that "it is in the furtherance of justice to do so." (§ 1385, subdivision (c)(1).) We agree with that analysis. As a result, we find no error here.

Perez also argues the court abused its discretion by declining to consider his childhood trauma as a mitigating factor in connection with dismissing an enhancement. But the court specifically referenced the evidence of Perez's childhood trauma before finding that evidence did not rise to the level of persuasive mitigation.

Evidence of childhood trauma, standing alone, does not automatically constitute a mitigating factor under section 1385,

---

[1] All subsequent statutory refences are to the Penal Code.

subdivision (c).  Such evidence is mitigating only if the court concludes the trauma is connected to the defendant's current offense(s). The record here reflects the court did not view Perez's childhood trauma as connected to his offenses in this case. We find no abuse of discretion in that determination.

We affirm the judgment.

STATEMENT OF FACTS

Perez does not challenge the substance of his convictions, and we consequently need not set forth a detailed recitation of the underlying facts. It is sufficient to state the evidence demonstrated that Perez, along with four other prison inmates, severely beat another inmate at the direction of a prison gang.

The victim was rendered unconscious and suffered permanent vision loss and facial fractures. After the beating, Perez moved the victim from his cell and dropped him on the concrete. The incident was captured on surveillance video.

Perez was charged with attempted murder (§§ 664, subd. (a), 187, subd. (a)) (count one); mayhem (§ 203) (count two); and assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)) (count three). The information alleged as to all counts that Perez personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)), and that he committed the offenses for the benefit and at the direction of a criminal street gang, and with the specific intent to promote further and assist in criminal conduct by members of that gang (§ 186.22, subd. (b)(1)).

The information further alleged that Perez was previously convicted of (1) a violation of section 12021, subdivision (a) with a gang enhancement (§ 186.22, subd. (b)(1)), which qualified as a strike prior and a

3

serious felony prior. (§§ 667, subds. (a)(1), (d), (e)(1), 1170.12, subds. (b), (c)(1)).

The court granted a motion for acquittal on the attempted murder charge; at the request of the prosecutor, it dismissed the enhancement for great bodily injury as to the mayhem charge.

The jury found Perez guilty of mayhem (count two) and assault with force likely to produce great bodily injury (count three); it found true the great bodily injury enhancement on count three.

Perez chose to proceed with a court trial on the remaining enhancements. The court found true that Perez had a prior conviction in 2007 for violating section 12021, subdivision (a), with a gang enhancement (§ 186.22, subd. (b)(1)), which qualified as both a strike prior and a prior serious felony (§§ 667, subds. (a)(1), (d), (e)(1), 1170.12, subds. (b), (c)(1)). The court found true all but two of the alleged aggravating factors.

At the sentencing hearing, the trial court declined to strike Perez's prior strike under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497; it also declined to strike any of his enhancements under Penal Code section 1385, subdivision (c), finding that it would not be in the interest of justice to do so.

The court sentenced Perez to a 16-year prison term; it designated count three as the principal term and imposed a four-year prison term, then doubled that to eight years for the strike. The court added three years for the great bodily injury enhancement and five years for the prior serious felony. The court stayed the sentence on count two pursuant to section 654.

4

## DISCUSSION

### I.

### MANDATORY STRIKING OF ENHANCEMENTS

Perez first argues the court erred when it refused to dismiss all but one of his enhancements as required by section 1385, subdivision (c)(2)(B).

"Prior to January 1, 2022, section 1385 provided trial courts with discretion to dismiss sentencing enhancements in the interest of justice. The statute did not provide direction as to how courts should exercise that discretion. In October 2021 the Legislature passed and the Governor signed Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill 81) (Stats. 2021, ch. 721, § 1), which, effective January 1, 2022, amended section 1385 to provide guidance regarding the exercise of discretion in dismissing sentencing enhancements." (*People v. Anderson* (2023) 88 Cal.App.5th 233, 238, review granted Apr. 19, 2023, S278786 (*Anderson*).)

Perez argues that section 1385, subdivision (c)(2)(B)[2] required the court to dismiss all but one of his sentence enhancements. A narrow reading of that section might support Perez's argument, but this subdivision does not exist in isolation. (*People v. Walker* (2022) 86 Cal.App.5th 386, 396, review granted Mar. 22, 2023, S278309 (*Walker*) ["we are not permitted to pluck this phrase out of its placement in the statute and consider it in isolation; instead, we are required to consider where it fits into the ""context of the statute as a whole"""].) Numerous courts have concluded that, when read in the context of

---

[2] That section states in part "[m]ultiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed."

the broader statute, section 1385, subdivision (c)(2)(B), and the statute's similarly worded subdivision (c)(2)(C) impose no such mandate. (*Walker, supra*, at p. 396; *Anderson, supra,* 88 Cal.App.5th at p. 239; accord, *People v. Mendoza* (2023) 88 Cal.App.5th 287, 290-291 (*Mendoza*); *Anderson, supra*, at pp. 240-241; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 17-18 [rejecting mandatory dismissal under similarly worded § 1385, subd. (c)(2)(C)].)

We agree. Section 1385, subdivision (c)(1), requires the court to dismiss enhancements "if it is in the furtherance of justice to do so." The mandate to dismiss is consequently subject to the court's discretionary determination of whether it is in the furtherance of justice to do so.

Subdivision (c)(2) of section 1385 provides guidance for the court "[i]n exercising its discretion under this subdivision." It requires the court to "consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present," and states that "[p]roof of the presence of one or more of these circumstances *weighs greatly in favor of dismissing the enhancement*, unless the court finds that dismissal of the enhancement would endanger public safety." (*Ibid.*, italics added.)

Thus, subdivision (c)(2)(B) of section 1385, the provision Perez claims requires dismissal of his enhancements, is one of the "circumstances [that] weighs greatly in favor of dismissing the enhancement." In this case, the court specifically found it was not in the interest of justice to dismiss any enhancements. We find no error.

## II.

### CONSIDERATION OF CHILDHOOD TRAUMA

Perez also argues the court abused its discretion by refusing to consider his childhood trauma as a mitigating factor under section 1385, subdivision (c)(2)(E). We find the argument unsupported by the record.

Section 1385, subdivision (c)(2), guides the court in exercising its discretion to dismiss enhancements. It requires the court to "consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present," and states that "[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Ibid.*)

The circumstance referenced in subdivision (c)(2)(E) is "[t]he current offense is connected to prior victimization or childhood trauma."

According to Perez, "the dismissal of both or least one of the enhancements is necessary . . . because the trial court did not expressly find that appellant was a danger to public safety, both in terms of facts present at the time of the sentencing hearing and at the time appellant would be released from prison if either the section 12022.7 great bodily injury enhancement or the section 667, subdivision (a) serious felony prior was dismissed." We find several flaws in the argument.

First, as we have already observed, the statute does not require the court to dismiss an enhancement even if it finds a mitigating factor exists. Instead, the statute directs the court to "afford great weight to evidence offered by the defendant to prove" the mitigating circumstance is present. (§ 1385, subd. (c)(2).) We presume the court complied with that standard. (*People v. Myers* (1999) 69 Cal.App.4th 305, 310 [the "court is

presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary"]; *People v. Gillispie* (1997) 60 Cal.App.4th 429, 433.)

Next, the evidence in this case did not categorically satisfy the standard in section 1385, subdivision (c)(2)(E). As described by Perez, the evidence before the court was "that [Perez] was placed in Orangewood Children's Home as an infant, and that he did not know why he was placed there. He and his four siblings were separated from each other throughout the 'system.' Although he lived with his maternal uncle at one point, he was returned to placement. He never met his father and believed his mother suffered from schizophrenia. At Orangewood, [Perez] was in the Resource Specialist Program and took Special Education classes for an unknown learning disability. [Perez] stated that 'being in custody is all he knows and described himself as "institutionalized.""""

While this evidence may be sufficient to demonstrate Perez suffered childhood trauma, that fact alone does not qualify as a mitigating circumstance under section 1385, subdivision (c)(2)(E), which requires a finding that "*[t]he current offense is connected to . . . childhood trauma.*" (Italics added.)

The statute provides that the trial court "may conclude that a defendant's childhood trauma was connected to the offense if, after reviewing any relevant and credible evidence, . . . the court concludes that the defendant's childhood trauma substantially contributed to the defendant's involvement in the commission of the offense." (§ 1385, subd. (c)(6)(A).)

Perez fails to identify any evidence in this record that demonstrates his childhood trauma "substantially contributed to [his] involvement" in these offenses, nor does he explain how the court would have

8

abused its discretion in failing to find that it did. Some evidence of a connection between the childhood trauma and the current crimes was required here.

The trial court explicitly "acknowledged" that Perez had suffered trauma in his childhood—which demonstrates the court did consider that trauma evidence—but it concluded that section 1385, subdivision (c), did not apply to it. That conclusion reflects a determination by the court that Perez's early trauma was not connected to his crimes. We find no abuse of discretion in that conclusion.

## DISPOSITION

The judgment is affirmed.


GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


MOTOIKE, J.

9