Filed 9/6/23  P. v. Perez CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ALEJANDRO RAMIREZ PEREZ, <br><br> Defendant and Appellant. | F084242 <br><br> (Super. Ct. No. LF013561A) <br><br><br> **OPINION** |

-oo0oo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Kieran D. C. Manjarrez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Ivan P. Marrs and Jennifer M. Poe, Deputy Attorneys General, for Plaintiff and Respondent.

-oo0oo-

---

[*] Before Smith, Acting P.J., Meehan, J., DeSantos, J.

Defendant Alejandro Ramirez Perez limits the appeal of his conviction to the question of whether the trial court was required to strike two enhancements to his sentence under Penal Code[1] section 1385, subdivision (c). We must acknowledge this particular issue is currently before our Supreme Court in the case of *People v. Walker* (2022) 86 Cal.App.5th 386 (*Walker*), review granted March 22, 2023, S278309. We further note, several cases addressing the issue also have been granted review by the Supreme Court, but are being held until *Walker* is decided, including at least one from this district.[2] However, while acknowledging the uncertainty surrounding the correct standard to apply when courts impose sentences subject to section 1385, we affirm the sentence imposed in this case.

## PROCEDURAL SUMMARY

An amended information was filed on March 7, 2022, charging defendant with attempted murder (§§ 664/187, subd. (a), a felony; count 1), assault with a deadly weapon (§ 245, subd. (a)(1), a felony; count 2), corporal injury of a spouse (§ 273.5, a felony; count 3). Count 1 further alleged that the crime was committed by means of lying in wait or with deliberation and premeditation (§ 189, subd. (a)). The information alleged as to all counts that defendant personally inflicted great bodily injury on the victim (§ 12022.7, subd. (e)), and, as to counts 1 and 3, that defendant personally used a deadly weapon (§ 12022, subd. (b)(1)).

Following a jury trial, defendant was found guilty on all counts. The jury further found as to all counts that the crimes involved great violence, great bodily harm, a threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness, that defendant was armed with or used a weapon in the commission of the

---

[1] All further statutory references will be to the Penal Code.

[2] See *People v. Billings* (April 26, 2023, F084844 [nonpub. opn.], review granted July 12, 2023, S280300, deferred pending decision in *Walker*).

2

crime, that the victim was particularly vulnerable, and that defendant engaged in violent conduct indicating a serious danger to society.

On April 25, 2022, defendant was sentenced as follows: on count 1, seven years to life, plus four years for the great bodily injury enhancement and one year for the weapon enhancement; on count 2, the midterm of three years, plus four years for the great bodily injury enhancement; and, on count 3, the midterm of three years, plus four years for the great bodily injury enhancement and one year for the weapon enhancement. The sentences for counts 2 and 3 were then stayed pursuant to section 654.

## FACTUAL SUMMARY

Because this appeal challenges only the authority to impose certain enhancements to defendant's sentence, we have chosen to provide only a brief summary of the facts underlying defendant's conviction.

During the early morning hours of September 19, 2021, the victim was attacked by defendant, her former boyfriend, as she returned to her apartment after attending a party. Victim sustained various stab wounds to her face and body from the attack by defendant, who used a knife. Defendant also "took [victim's] head and hit it against a post" as she attempted to get away. Although victim was bleeding and felt as though she would pass out from the injuries she received, when she finally reached her apartment, she called 911. Neighbors came to victim's aid as defendant was seen running away.

The defense rested without presenting any evidence.

## DISCUSSION

Defendant only focuses on the trial court's decision to impose two enhancements to his sentence for inflicting great bodily injury (§ 12022.7, subd. (e)), and for using a weapon (§ 12022, subd. (b)(1)). These enhancements added five additional years to defendant's sentence. Defendant specifically believes the trial court failed to understand the full scope of the discretion it had under section 1385. As a result, the court failed to consider whether one or both of these enhancements should have been dismissed without making a specific finding, supported by evidence, that defendant posed a risk to public safety, as required by section 1385.

### I. Did Defendant Properly Preserve the Issue Raised in This Appeal?

One matter must be addressed first, however. The People argue defendant waived the section 1385 challenge to his sentence when he failed to pursue a ruling from the trial court on the issue after it was presented in his sentencing memorandum. Defendant raised the possibility of striking the enhancements under section 1385 in the sentencing memorandum submitted to the court two days before sentencing. The court acknowledged reviewing the memorandum and the points raised on defendant's behalf in that document during the sentencing hearing:

> "The circumstances in mitigation identified by probation and as also set forth by defense indicates that [defendant] has no prior criminal record. He was under the age of 26 at the time of the commission and multiple enhancements are alleged in the single case. [¶] … [¶]

> "With those factors in mind, the defense has commented—submit in the report that the defendant suffered from abuse as a child, but there is no evidence for the [c]ourt to consider substantiating that and the [c]ourt is not considering that as a factor in its sentencing."

While acknowledging it reviewed the sentencing memorandum, the court did not issue a formal ruling on the points raised in that document.

4

Citing *People v. Braxton* (2004) 34 Cal.4th 798, and *People v. Ramirez* (2006) 39 Cal.4th 398, the People argue, "[t]he failure to make some effort to have the court actually rule on the motion to strike the enhancements may therefore be deemed to have been an abandonment of the motion by [defendant]." In *Braxton*, the court considered the issue of waiver after a defendant failed to make a new request under a statute governing when new trials are available for criminal defendants. (*Braxton*, at p. 813.) In *Ramirez*, the court considered whether a defendant waived a challenge to a trial court's failure to give a jury instruction when the record showed defense counsel withdrew the jury instruction at the court's request and did not object. (*Ramirez*, at p. 472.) We believe those cases are distinguishable and respectfully disagree.

During sentencing, the trial court referenced the sentencing memorandum submitted on defendant's behalf, and even cited facts discussed in that memorandum. The sentencing memorandum specifically addressed the possibility of striking enhancements under section 1385. We presume the court was both aware of and complied with the law applicable to the issues raised by defendant in that sentencing memorandum. (See *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 398.) In our view, the court's imposition of sentence represented a ruling on the arguments made in defendant's sentencing memorandum, thereby preserving this specific issue for defendant in this appeal.

## II. The Failure to Strike the Two Enhancements

On January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81) went into effect, amending section 1385 by adding subdivision (c). (Stats. 2021, ch. 721, § 1.) Subdivision (c) provides the following, in relevant part:

> "(1) Notwithstanding any other law, the court *shall dismiss* an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

"(2) In exercising its discretion under this subdivision, the court *shall consider and afford great weight* to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances *weighs greatly in favor of dismissing* the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.  [¶] … [¶]

"(B) Multiple enhancements are alleged in a single case.  In this instance, all enhancements beyond a single enhancement shall be dismissed.  [¶] … [¶]

"(E) The current offense is connected to prior victimization or childhood trauma.  [¶] … [¶]

"(4) The circumstances listed in paragraph (2) are not exclusive and the court maintains authority to dismiss or strike an enhancement in accordance with subdivision (a)."  (Italics added.)

We believe the legislative history of Senate Bill 81 shows the court's discretion is preserved.  "By clarifying the parameters a judge must follow, [Senate Bill] 81 codifies a recommendation developed with the input of the judges who serve on the Committee on the Revision of the Penal Code for the purpose of improving fairness in sentencing *while retaining a judge's authority to apply an enhancement to protect public safety*.  (Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business Analysis of Sen. Bill No. 81 (2021–2022 Reg. Sess.) as amended Aug. 30, 2021, p. 5, italics added.)"  (*People v. Lipscomb*, 87 Cal.App.5th 9, 19.)

Furthermore, in a letter to the Secretary of the Senate that was placed by unanimous consent in the Senate Daily Journal, the author of Senate Bill No. 81, Senator Nancy Skinner, stated:

"I respectfully request the following letter be printed in the Senate Daily Journal expressing our intent with respect to this measure:  [¶] … [¶] [A]mendments taken on August 30, 2021 remove the presumption that a judge must rule to dismiss a sentence enhancement if certain circumstances

6

are present, and instead replaces that presumption with a 'great weight' standard where these circumstances are present.  The retention of the word 'shall' in Penal Code [section] 1385(c)(3)(B) and (C) should not be read as a retention of the previous presumption language—*the judge's discretion is preserved*[.]"  (Sen. Nancy Skinner, letter to Secretary of the Sen. (Sept. 10, 2021) 121 Sen. J. (2021–2022 Reg. Sess.) p. 2638, italics added.)

"[T]he statements of an individual legislator, including the author of a bill, are generally not considered in construing a statute, as the court's task is to ascertain the intent of the Legislature as a whole in adopting a piece of legislation."  (*Quintano v. Mercury Casualty Co.* (1995) 11 Cal.4th 1049, 1062.)  "A legislator's statement is entitled to consideration, however, when it is a reiteration of legislative discussion and events leading to adoption of proposed amendments rather than merely an expression of personal opinion.  [Citations.]  The statement of an individual legislator has also been accepted when it gave some indication of arguments made to the Legislature and was printed upon motion of the Legislature as a 'letter of legislative intent.' "  (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 700.)  "The author's unambiguous rejection of this interpretation, placed in the official record with the unanimous consent of her colleagues, supports our conclusion that a trial court is not required to dismiss [any enhancement,] … but rather that the trial court has discretion in deciding whether to do so."  (*People v. Anderson* (2023) 88 Cal.App.5th 233, 241, review granted Apr. 19, 2023, S278286, deferred pending decision in *Walker*.)

Again, we acknowledge this issue is currently pending before our Supreme Court in *Walker*.  The appellate court in *Walker* explored the use of language in section 1385, subdivision (c)(1) and (2), and ultimately concluded, "the term 'great weight' places a thumb on the scale that balances the mitigating circumstances favoring dismissal against whether dismissal would endanger public safety, and tips that balance in favor of dismissal unless rebutted by the court's finding that dismissal would endanger public

7

safety." (*Walker*, *supra*, 86 Cal.App.5th at pp. 399–400, review granted.) When granting review, the Supreme Court sought briefing on the following issue only:

> "Does the amendment to … section 1385, subdivision (c) that requires trial courts to 'afford great weight' to enumerated mitigating circumstances (Stats. 2021, ch. 721) create a rebuttable presumption in favor of dismissing an enhancement unless the trial court finds dismissal would endanger public safety?" (*Walker*, *supra*, 86 Cal.App.5th 386, review granted.)

Other district courts of appeal have also explored this issue by considering Senate Bill 81's legislative history, and focusing on the language requiring a court to give "great weight" to evidence of mitigating circumstances, noting it was adopted instead of other proposed language requiring the dismissal of an enhancement unless there was a showing of " 'clear and convincing evidence that dismissal of the enhancement would endanger public safety.' " (*People v. Anderson*, *supra*, 88 Cal.App.5th at p. 241, review granted; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 297; *People v. Lipscomb*, *supra*, 87 Cal.App.5th at pp. 19–20.)

We continue to be persuaded that the phrase "shall dismiss" in section 1385, subdivision (c)(1) cannot be read in isolation without also considering the language of subdivision (c)(2). As a result, under the full language of subdivision (c), while the list of mitigating factors must be given *great weight*, those factors merely guide the court's *discretion* on whether striking an enhancement *endangers public safety*.

Ultimately, a party appealing a sentence has the burden to show the decision was irrational or arbitrary. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) If a record is silent on what the trial court considered when sentencing a defendant, but the " 'record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law,' " the court's sentence should be affirmed, even if the reviewing court might have ruled differently. (*Carmony*, at p. 378.)

8

Absent such a showing, we presume the court considered all the relevant factors properly. (See *People v. Gillispie* (1997) 60 Cal.App.4th 429, 434.)

The record here reveals no abuse of discretion by the trial court when imposing its sentence. Instead, the record of the sentencing hearing reveals how the court viewed the various mitigating and aggravating circumstances, including those raised by defendant in his sentencing memorandum. Defendant has not shown the court failed to give "great weight" to any evidence of mitigating circumstances before imposing the sentence in this case.[3]

## DISPOSITION

The judgment is affirmed.

---

[3] Because we affirm the sentence imposed, we decline to address defendant's contention that both enhancements were available to be stricken, and not simply the lesser one.