Filed 10/26/23  P. v. Vela CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ORLANDO VELA,<br><br>    Defendant and Appellant. | F085104<br><br>(Super. Ct. No. BF180969A)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Christopher J. Rench, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Appellant Orlando Vela was convicted of arson of property, attempting by means of threats or violence to deter an executive officer from performing his or her duties, exhibiting a knife with the intent to resist arrest, carrying a dirk or dagger, and torturing a living animal. Additionally, it was found true appellant had a prior strike conviction, a prior serious felony conviction, that he committed arson during a state of emergency, and that he personally used a deadly weapon, a knife, to commit several of the crimes. Appellant was sentenced to 18 years 8 months in prison.

On appeal, appellant argues first, the trial court erred in failing to give a unanimity instruction on the arson charge. Second, appellant urges this court to find a prior strike's effect on sentencing pursuant to the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d))[1] is an enhancement, and argues the trial court failed to consider Senate Bill No. 81's (2021–2022 Reg. Sess.) (Senate Bill 81) changes to section 1385 when declining to dismiss appellant's prior strike. We affirm.

## PROCEDURAL HISTORY

On June 25, 2020, the Kern County District Attorney's Office charged appellant with arson of property (§ 451, subd. (d); count 1), four counts of attempting by means of threats or violence to deter an executive officer from performing his or her duties (§ 69; counts 2–3, 5–6), exhibiting a knife with the intent to resist arrest (§ 417.8; count 4), carrying a dirk or dagger (§ 21310; count 7), and torturing a living animal—a dog (§ 597, subd. (a); count 8.)

For each count, it was alleged appellant had a prior strike conviction within the meaning of section 667, subdivision (c) through (j) and section 1170.12, subdivision (a) through (e), and that he had a prior serious felony conviction within the meaning of section 667, subdivision (a). It was further alleged appellant committed count 1 during a

---

[1]     Undesignated statutory references are to the Penal Code.

state of emergency (§ 454, subd. (a)) and personally used a deadly weapon, a knife, when committing counts 2–3 and 5–6 (§ 12022, subd. (b)(1)).

A jury found appellant guilty of all counts and found the knife-use enhancement true in counts 2 and 3. The jury further found true the aggravating factor that appellant used a weapon at the time of the commission of the crime in counts 1–4 and 7–8 (Cal. Rules of Court, rule 4.421(a)(2)),[2] that appellant committed a crime involving great violence, great bodily harm, threat of great bodily harm or other acts disclosing a high degree of cruelty, viciousness or callousness in count 8, (rule 4.421(a)(1)), and that appellant committed a crime against a particularly vulnerable victim in count 8 (*id.*, (a)(3)).

In a bifurcated proceeding, the trial court found true appellant's prior strike from 2017, for violating section 245, subdivision (a)(1), assault with a deadly weapon other than a firearm. The court further found true appellant's prior serious felony convictions. Appellant was sentenced to an aggregate term of 18 years 8 months in prison.

Appellant filed a timely notice of appeal on October 5, 2022.

## STATEMENT OF FACTS

On May 6, 2020, Bakersfield Police Department (BPD) officers Jose Cisneros and Jason White responded to a call at the intersection of Union Avenue and California Avenue in Bakersfield, California. Upon arrival, Cisneros saw a person later identified as appellant walking southbound on Union Avenue, pushing a shopping cart with something inside that appeared to be on fire.

Cisneros exited the patrol vehicle and approached appellant, asking him to stop. Appellant did not acknowledge Cisneros's directions, was yelling, rambling, and walking toward and away from the officers. When Cisneros attempted to approach appellant,

---

[2] Further references to rules are to the California Rules of Court.

3.

appellant pulled out a silver and black "dagger-looking" knife approximately 10 inches in length.

White told Cisneros to stand back when appellant pulled out the knife, and Cisneros commanded appellant to drop the knife. Appellant ignored the commands and walked away from the officers into traffic on Union Avenue. White and Cisneros followed appellant, trying to keep him contained in the general area. As appellant walked across the street, the officers lost sight of the knife.

Officer Kolby Davenport of the BPD arrived to assist White and Cisneros. As the officers detained appellant, appellant attempted to fight, punch and bite the officers. Ultimately, appellant was restrained and transported to a hospital, then to jail. As he was removed from the patrol vehicle, a small lighter fell out that was not in the vehicle before appellant was transported. A fixed-blade knife resembling a dagger was also located in appellant's front pants pocket.

Chad Mullen, a certified arson investigator and captain with the Bakersfield Fire Department investigated the burning shopping cart. Inside the cart, Captain Mullen observed a deceased medium-sized brown dog. A blood splatter and burned debris trail appeared in several areas behind the cart. The cart's seat and front plastic bumper had melted due to the fire. The dog itself had sustained major burns to its entire body and appeared to have puncture wounds to its side. Captain Mullen concluded that debris in the cart was ignited and caused the damage to the cart and the dog, based on burn and melting patterns. He further concluded the fire was incendiary in nature, not accidental.

A necropsy revealed the dog was living at the time it was burned, due to ash that was found in its lungs and mouth.

## DISCUSSION

Appellant argues the trial court failed to instruct the jury on unanimity, which requires remand and reversal of the arson charge. Appellant further argues the trial court

erred in denying his motion to dismiss his prior strike enhancement by failing to consider amendments made to section 1385 by Senate Bill 81.

We find a unanimity instruction was not necessary, and error, if any, was harmless. Likewise, we find a strike pursuant to the Three Strikes law is not an enhancement and the trial court did not abuse its discretion declining to dismiss appellant's strike prior.

## I. The Trial Court Did Not Err In Declining a Unanimity Instruction

### A. Background

The trial court instructed the jury as follows:

"[Appellant] is charged in Count 1 with arson, in violation of … Section 451[, subdivision] (d). To prove [appellant] is guilty of this crime, the People must prove that, one, [appellant] set fire to or burned property; and two, he acted willfully and maliciously. To set fire to or burn means to damage or destroy with fire either all or part of something no matter how small the part. Someone commits an act willfully when they do so willingly or on purpose. Someone acts maliciously when he intentionally does a wrongful act. Property means personal property.

"A person does not commit arson if the only thing burned is his own personal property unless the fire also injures someone[] else[']s property. In this case, we're talking about personal property. There's no building or anything like that."

In closing argument, the prosecution argued:

"We have a total of eight charges in this case. First, Count 1, which is … Section 451[, subdivision ](d), arson of property. In this case that property is a shopping cart, maybe the dog kind of depending how you go with that. In that jury instruction, you're going to be told the property can't be [appellant's]. The shopping cart belongs to Vallarta. It had the store number on it. The dog, we don't know. We didn't hear any evidence whether it was his dog or not."

No unanimity instruction was requested by the prosecution or appellant, and none was given.

5.

**B.    Legal Standard**

"As a general rule, when violation of a criminal statute is charged and the evidence establishes several acts, any one of which could constitute the crime charged, either the state must select the particular act upon which it relied for the allegation of the information, or the jury must be instructed that it must agree unanimously upon which act to base a verdict of guilty."  (*People v. Jennings* (2010) 50 Cal.4th 616, 679.)

However, the jury need not agree unanimously on exactly *how* a crime was committed.  (*People v. Russo* (2001) 25 Cal.4th 1124, 1135.)  For example, if a defendant is charged with first degree murder, and the jury is instructed on multiple theories of first degree murder (for instance, premeditation and felony murder), no unanimity instruction is required if there was evidence of only one murder.  The jurors need not agree on the theory.  (*People v. Chavez* (1951) 37 Cal.2d 656, 670–671.)

"The key to deciding whether to give the unanimity instruction lies in considering its purpose.  The jury must agree on a 'particular crime' [citation]; it would be unacceptable if some jurors believed the defendant guilty of one crime and other jurors believed her guilty of another.  But unanimity as to exactly how the crime was committed is not required.  Thus, the unanimity instruction is appropriate 'when conviction on a single count could be based on two or more discrete criminal events,' but not 'where multiple theories or acts may form the basis of a guilty verdict on one discrete criminal event.'"  (*People v. Russo, supra*, 25 Cal.4th at pp. 1134–1135.)

"A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of, any structure, forest land, or property."  (§ 451.)

**C.    Analysis**

***1.    No Unanimity Instruction Was Required***

Arson requires "the intentional setting of a fire where the 'direct, natural, and highly probable consequences would be the burning of the relevant structure or

6.

property.'" (*Mason v. Superior Court* (2015) 242 Cal.App.4th 773, 785.) A defendant "need not intend to burn the relevant property." (*Id.* at p. 784.)

Captain Mullen, a certified arson investigator, concluded the fire resulted from igniting debris inside the shopping cart. The criminal act in this case is intentionally setting the fire inside the shopping cart. This discrete criminal event resulted in both the shopping cart and the dog being burned. Therefore, whether the burning of the shopping cart or the burning of the dog constituted arson are multiple theories of arson, *not* multiple discrete criminal events.

Appellant argues there was no evidence temporally connecting the burning of the shopping cart and burning of the dog. Appellant appears to conclude that the burning of the cart and the burning of the dog were therefore discrete acts of arson. Appellant is incorrect. Captain Mullen did not conclude that the shopping cart itself, or the dog itself were set on fire. Rather, Captain Mullen concluded that debris in the shopping cart were set on fire, and that fire burned the shopping cart and the dog. The constitutes a single, intentional setting of a fire – a single criminal event for which a unanimity instruction is not required.

### 2. The Continuous Course of Conduct Exception Applies

"[N]o unanimity instruction is required where the acts proved constitute a continuous course of conduct." (*People v. Napoles* (2002) 104 Cal.App.4th 108, 115.) "'"This exception arises … when the acts are so closely connected that they form part of one and the same transaction, and thus one offense."'" (*Ibid.*) "[N]o unanimity instruction is required because the multiple acts constitute a single criminal event." (*Id.* at pp. 115–116.)

Even if, as appellant argues, appellant ignited a separate fire that burned the cart, and a separate fire that burned the dog, these acts resulted in a single fire inside the shopping cart which Captain Mullen indicated caused damage to both the cart and the dog based on melt and burn patterns. The evidence that the dog was alive when the fire

was set and deceased when officer responded to the scene, and the trail of burned debris and blood following the shopping cart is evidence that if there were multiple fires set inside the shopping cart, they were in such close proximity in time and location that they formed part of one transaction, or a single criminal event.

Even if there were multiple intentional acts setting fire to property inside the shopping cart, these acts were part of a continuous course of conduct and a unanimity instruction was not required.

### 3.     *Any Error Was Harmless*

"The failure to provide a unanimity instruction is subject to the [*Chapman v. California* (1967) 386 U.S. 18] harmless error analysis on appeal." (*People v. Curry* (2007) 158 Cal.App.4th 766, 783, fn. omitted.)

"Where the record provides no rational basis, by way of argument or evidence, for the jury to distinguish between the various acts, and the jury must have believed beyond a reasonable doubt that [the] defendant committed all acts if he committed any, the failure to give a unanimity instruction is harmless." (*People v. Thompson* (1995) 36 Cal.App.4th 843, 853.) "Where the record indicates the jury resolved the basic credibility dispute against the defendant and therefore would have convicted him of any of the various offenses shown by the evidence, the failure to give the unanimity instruction is harmless." (*Ibid*.)

In this case, the jury must have believed appellant committed all acts if he committed any because evidence showed a single fire burned both the shopping cart and the dog. Whether the fire was caused when appellant ignited the dog, or the shopping cart, or the debris inside the shopping cart is irrelevant.

The prosecution identified the dog as "property" for purposes of arson, but conceded that no evidence was presented about who owned the dog. Because the prosecution declined to argue the burning of the dog was the basis for the arson charge, the jury necessarily did not base their conviction on that theory. The prosecution instead

8.

focused on the burning of the shopping cart, and argued appellant was not the cart's owner. Likewise, appellant's defense focused on the ownership of the cart.

When the jury found appellant guilty of arson, they rejected appellant's defense that the shopping cart was his property. In rejecting appellant's defense, the jury would have convicted him of arson regardless of whether they believed he set a single fire or multiple fires, because as Captain Mullen testified, any fire appellant set inside the shopping cart ultimately damaged the shopping cart, constituting arson. Thus, if declining to give a unanimity instruction in this case was error, it was harmless error.

**D.** **The Trial Court Did Not Err In Denying Appellant's *Romero*[3] Motion**

*1.* ***Background***

On September 19, 2022, appellant filed a sentencing memorandum requesting, in part, the court strike his prior strike conviction pursuant to *Romero*. The conviction was described as a violation of section 245, subdivision (a)(1), assault with a deadly weapon other than a gun, from April 27, 2017, in Kern County. Appellant renewed his request at sentencing on October 5, 2022.

The court declined to strike the prior strike conviction, stating that it "considered the changes in the law, the current law, my guess as to what the law might be in the future, exercising my discretion. If this sentence is ever reviewed, this is the sentence I want to give. Let that be clear."

**E.** **Legal Standard**

"[A] trial court's refusal or failure to dismiss or strike a prior conviction allegation under section 1385 is subject to review for abuse of discretion." (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

---

**3** *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

9.

"In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances. For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation]. Moreover, 'the sentencing norms [established by the Three Strikes law may, as a matter of law,] produce[] an "arbitrary, capricious or patently absurd" result' under the specific facts of a particular case." (*People v. Carmony, supra*, 33 Cal.4th at p. 378.)

"On a silent record in a post-*Romero* case, the presumption that a trial court ordinarily is presumed to have correctly applied the law should be applicable." (*People v. Gillispie* (1997) 60 Cal.App.4th 429, 434.) Likewise, "[t]he court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

On January 1, 2022, Senate Bill 81 went into effect, amending section 1385 to add subdivision (c). (Stats. 2021, ch. 721, § 1.) Subdivision (c) provides the following, in relevant part:

> "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."
> (§ 1385, subd. (c)(1).)

**F.    Analysis**

Appellant urges this court to find a strike prior's effect on sentencing pursuant to the Three Strikes law qualifies as an enhancement for purposes of section 1385. Appellant then argues the trial court abused its discretion by failing to take into account the changes in the law to section 1385, enacted by Senate Bill 81, when declining to dismiss appellant's 2017 strike prior.

"Our task in interpreting section 1385 is to 'ascertain' and 'give effect to the intended purpose' of our Legislature in enacting the statute. [Citation.] '[T]he text of a

10.

statute is often the best indicator of its meaning.' [Citation.] If the text is 'unambiguous,' our task 'begins and ends with th[e] text' [citation]; but if the text is ambiguous because it 'permits more than one interpretation,' then we '"may consider other aids, such as the statute's purpose, legislative history, and public policy"' as well as the general canons of statutory construction." (*People v. Walker* (2022) 86 Cal.App.5th 386, 396, review granted Mar. 22, 2023, S278309.)

It is well established that the Three Strikes law is an alternative sentencing scheme for the current offense, rather than an enhancement. (*Romero, supra*, 13 Cal.4th at p. 527.) Section 1385, subdivision (c) expressly applies to the dismissal of an "'enhancement.'" (*People v. Burke* (2023) 89 Cal.App.5th 237, 243.) We agree with the court in *Burke*, and conclude that the plain language of section 1385, subdivision (c) is unambiguous, and applies only to enhancements. Because the Three Strikes law is not an enhancement, section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strike's law. (*Burke, supra,* at p. 244.)

Likewise, a brief look at Senate Bill 81's legislative history confirms legislative intent to distinguish enhancements from alternative penalty schemes. The Assembly Committee on Public Safety commented:

> "An enhancement differs from an alternative penalty scheme. An alternative penalty scheme does not add an additional term of imprisonment to the base term; instead, it provides for an alternate sentence for the underlying felony itself when it is proven that certain conditions specified in the statute are true. [Citations.] These include *the Three Strikes Law* [citation]; … section 186.22, subdivision (b)(4) in the criminal street gang statute [citation]; and the One Strike Law [citation] among others. The presumption created by this bill applies to enhancements, but does not encompass alternative penalty schemes." (Assem. Com. on Public Safety, Analysis of Sen. Bill 81, June 29, 2021, pp. 5–6, italics added.)

Finally, we find nothing in the record indicating that the trial court otherwise abused its discretion when it denied appellant's *Romero* motion. Appellant's strike prior was both recent and for assault with a deadly weapon other than a gun. His current

11.

crimes were found to involve great violence, bodily harm, or other acts disclosing a high degree of cruelty against a vulnerable victim. He also used a deadly weapon, a dagger, to commit them. Appellant's conduct, both past and present, falls within the spirit of the Three Strike's law. The trial court's decision was neither irrational nor arbitrary.

## DISPOSITION

The judgement is affirmed.


MEEHAN, J.

WE CONCUR:


LEVY, Acting P. J.


PEÑA, J.

12.