Filed 5/22/25  P. v. Williams CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

BILLY WILLIAMS, JR.,

    Defendant and Appellant.

E083478

(Super. Ct. No. FSB20003094)

OPINION

APPEAL from the Superior Court of San Bernardino County.  J. David Mazurek, Judge.  Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christine Y. Friedman, and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

Defendant and appellant Billy Williams, Jr., contends the trial court erroneously denied his *Romero* motion to dismiss a prior "strike" offense.[1] We disagree and affirm.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant was charged with two counts of murder (Pen. Code,[3] § 187, subd. (a). He pled guilty to voluntary manslaughter for one count and a jury found him guilty of the other count. In a bifurcated proceeding, the trial court found that defendant had suffered a strike offense for a felony conviction for first degree robbery (§§ 211, 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

Before sentencing, defendant filed a *Romero* motion to strike his prior strike conviction. Defendant argued the court should strike his prior strike conviction because he committed the offense about 26 years prior when he was 18 years old. The trial court denied the motion and sentenced defendant to a 11 years for the voluntary manslaughter conviction and a consecutive term of 15 years to life, doubled to 30 years to life because of his prior strike offense.

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

[2] Given the limited scope of defendant's appeal and our resolution of the single issue on appeal, we provide only a brief recitation of this case's background.

[3] All further statutory references are to the Penal Code.

DISCUSSION

The sole issue on appeal is whether the trial court properly denied defendant's *Romero* motion. We conclude that it did.

"As the Supreme Court explained in *Romero*, section 1385 permits a trial court to strike an allegation of a prior felony conviction in cases brought under the '"Three Strikes"' law, in the interests of justice." (*People v. Thimmes* (2006) 138 Cal.App.4th 1207, 1213, citing *Romero*, *supra*, 13 Cal.4th at pp. 529-530.) "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation . . . the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

The purpose of the Three Strikes law is "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of one or more serious or violent felony offenses." (§ 667, subd. (b).) The Three Strikes law "establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike," unless the trial court determines the defendant falls outside the scheme's spirit. (*People v. Strong* (2001) 87 Cal.App.4th 328,

337-338.) "[E]xtraordinary must the circumstance be by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack." (*Id*. at p. 338.) Thus, the Three Strikes law "not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm." (*People v. Carmony* (2004) 33 Cal.4th 367, 378.)

"The trial court is not required to state reasons for declining to exercise its discretion under section 1385." (*People v. Gillispie* (1997) 60 Cal.App.4th 429, 433.) The trial court "is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

A trial court's decision not to strike a prior conviction allegation is reviewed under the abuse of discretion standard. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 371.) "This standard is deferential . . . it asks in substance whether the ruling in question 'falls outside the bounds of reason' under the applicable law and the relevant facts." (*People v. Williams*, *supra*, 17 Cal.4th at p. 162.) "Under that standard an appellant who seeks reversal must demonstrate that the trial court's decision was irrational or arbitrary. It is not enough to show that reasonable people might disagree about whether to strike one or more of his prior convictions. Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the

4

law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance." (*People v. Myers*, *supra*, 69 Cal.App.4th at pp. 309-310.)

The record amply supports the trial court's decision to deny defendant's *Romero* motion. Although defendant committed his prior strike offense long ago when he was 18 years old, he did not live a crime-free life in between that offense and his current offenses. During that 26-year period, he was convicted of 10 different convictions, three parole violations, and one violation of post-release community supervision. His offenses included petty theft in 1995, unlawful sexual intercourse with a minor in 1999, unlawfully taking a vehicle and spousal battery in 2000, possession of cocaine base in 2002 and 2009, possession of a controlled substance in 2010 and 2014, and attempting to possess a controlled substance for sale in 2019. And during this 26-year period, defendant was incarcerated nearly the entire time.

Defendant's recidivism shows that he is "'the kind of revolving-door career criminal for whom the Three Strikes law was devised.'" (*People v. Pearson* (2008) 165 Cal.App.4th 740, 749.) Given defendant's extensive criminal history involving violent and non-violent offenses, his decades-long drug use, recidivism, and repeated violations of parole, the trial court's finding that defendant did not fall "outside the Three Strikes scheme" was not arbitrary or irrational. "The record reflects [defendant] has been committing crimes [his entire life], and his criminality has not been deterred by prior periods of incarceration or release on community supervision." (*People v. Nunez* (2023) 97 Cal.App.5th 362, 372.) The trial court thus properly found that this was not an

5

"extraordinary" case that justified granting defendant's *Romero* motion. As a result, the trial court did not abuse its discretion by denying the motion.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON_____

J.

We concur:


McKINSTER_____

      Acting P. J.


RAPHAEL_____

     J.

6