Filed 12/17/25  P. v. Jones CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRENCHIE LATRELL JONES,<br><br>    Defendant and Appellant. | B336355<br><br>(Los Angeles County<br>Super. Ct. No. TA125731) |

        APPEAL from a judgment of the Superior Court of Los Angeles County.  Pat Connolly, Judge.  Affirmed.
        John Lanahan, under appointment by the Court of Appeal, for Defendant and Appellant.
        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Frenchie Jones received a 23-year sentence for shooting Tamika Kaufman, the mother of his child, in the leg.  Due to legislative changes affecting one of his sentencing enhancements, Jones later qualified for resentencing.  At the resentencing hearing, the court struck a now-invalid enhancement for having served a prior prison sentence but declined to strike enhancements for Jones's personal use of a firearm and infliction of great bodily injury during a domestic dispute.  The court resentenced Jones to 22 years.

Jones now contends *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*), altered the landscape of a court's sentencing discretion.  Because the Supreme Court decided *Walker* while Jones's appeal was pending, Jones argues that the trial court misunderstood the scope of its discretion.  We disagree.  Nothing in the record convinces us that the trial court misunderstood the scope of its discretion in a way that would benefit Jones, even post-*Walker*, or failed to properly consider the relevant sentencing factors.  Nor was the trial court required to make an explicit finding that Jones's release would have endangered public safety.  As a result, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

In September 2013, Jones was set for trial for shooting Kaufman.  On the first day of trial, Jones instead pled no contest to attempted murder (Pen. Code,[1] §§ 664, 187, subd. (a)) and admitted three enhancements:  inflicting great bodily injury involving domestic violence (§ 12022.7, subd. (e)), personally using a firearm (§ 12022.53, subd. (b)), and serving a prior prison sentence (§ 667.5, subd. (b)).  Pursuant to a plea agreement, the

---

[1]     Further undesignated statutory references are to the Penal Code.

prosecution amended the charged firearm enhancement from an additional 25 years pursuant to section 12022.53, subdivision (d), to an additional 10 years pursuant to section 12022.53, subdivision (b).  The prosecution also allowed Jones to plead to attempted murder without premeditation and dismissed two prior prison term enhancements.  The court sentenced Jones to a total term of 23 years:  7 years for attempted murder plus 10 years for the firearm enhancement, 5 years for the great bodily injury enhancement, and one year for the prison prior enhancement.  The court dismissed a charge for possession of a firearm as a felon pursuant to the parties' agreement.

Ten years later, Jones filed for resentencing because the Legislature had declared his prior prison term enhancement legally invalid and provided retroactive relief to those in Jones's position.  (§ 1172.75, subd. (a).)  At such a resentencing hearing, the Legislature requires courts to apply any other legal changes that "reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences . . . ."  (§ 1172.75, subd. (d)(2).)

Accordingly, Jones asked the court to strike the now invalid one-year prison enhancement, as well as either or both remaining enhancements pursuant to changes made to section 1385, which governs a court's discretion to dismiss enhancements.  (§ 1385, subd. (c).)  Jones argued that the Legislature had determined courts "shall consider and afford great weight" to certain mitigating factors, the presence of which "weighs greatly in favor of dismissing" an enhancement.  (§ 1385, subd. (c)(2).)  The applicable statutory mitigating factors were having an enhancement that could have resulted in a sentence exceeding 20 years and having multiple enhancements charged in one case.  (§ 1385, subd. (c)(2)(B)–(C).)  Factually, Jones argued that he has

3

familial support upon his release; has no sustained disciplinary violations since December 2020; earned his lowest security designation since his incarceration; and has been working towards his education.

The People agreed to strike the one-year prior prison term enhancement but opposed any other modification of Jones's sentence. The prosecution acknowledged the court must give "great weight" to the presence of statutory mitigating factors, but cited appellate authority that those factors create a rebuttable presumption of dismissal unless the court finds that Jones's release would endanger public safety. The prosecution argued that Jones's early release posed a danger to public safety because Jones was an adult when he shot Kaufman, Jones and Kaufman's argument had ended, and Kaufman had turned away from Jones, who then shot her from behind at a time when she posed no threat to him. Jones further had prior drug-related convictions and an animal cruelty conviction.[2] The prosecution argued those

_____

[2] The prosecution's opposition also stated that domestic violence is rarely an isolated event, which "is particularly true in the case of this defendant as the People were prepared to introduce [Evidence Code section] 1109 evidence of prior domestic violence against the victim . . . ." The Attorney General renews this argument on appeal, contending that a "previous instance of domestic violence" supports the trial court's decision. A fair argument, if true. But alluding to evidence purportedly in the prosecution's possession that was neither attached to the trial court opposition brief or otherwise included in the appellate record is inappropriate. Because there is no evidence in the record to support this allegation, we consider it no further. (See *Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364 [one immutable rule of appellate practice provides that "if it is not in the record, it did not happen"].)

4

facts established Jones's early release would endanger public safety sufficiently to rebut the presumption of striking the remaining enhancements.

In December 2023, the court held a resentencing hearing. The court did not give an indicated sentence and instead proceeded to argument. Jones's counsel highlighted that Jones's prison conduct showed rehabilitation and offered to have Jones discuss his familial support if the court desired. The prosecution submitted on its papers. The court recounted Jones's prior sentence and then ruled as follows:

"So I did review everything in this file, including the prelim transcript and probation report. And this is—the defendant pled to shooting the mother of his child.

[¶] . . . .[¶]

"The defendant, at the time this occurred, was 33 years old. He had multiple incarcerations prior to that, and I believe one of those was for cruelty to animals, which is nothing like cruelty to a human being, I will concede, but still does not intend for a good future.

"I understand that he is in the best place that he has been, but the court finds that it would not be in the interest of justice to grant this motion, except that the court is going to at this time strike the 667.5(b) prior from the previous sentence, which would reduce the term from 23 years in state prison to 22 years in state prison."

The trial court asked if there was anything further, and the parties stated no. Jones timely appealed.

## DISCUSSION

We review a court's decision whether to strike a sentencing enhancement pursuant to section 1385 for abuse of discretion.

5

(*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376, quoting *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977–978.) "[W]e presume that the trial court followed established law and thus properly exercised its discretion in sentencing a criminal defendant." (*People v. Weddington* (2016) 246 Cal.App.4th 468, 492; *People v. Brugman* (2021) 62 Cal.App.5th 608, 638 (*Brugman*).)

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.]' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Accordingly, abuse of discretion occurs "when the trial court . . . is unaware of its discretion, fails to consider a relevant factor that deserves significant weight, gives significant weight to an irrelevant or impermissible factor, or makes a decision so arbitrary or irrational that no reasonable person could agree with it." (*In re White* (2020) 9 Cal.5th 455, 470.)

I.      **Forfeiture Analysis**

The People initially argue that Jones forfeited his appellate claim because he did not object to the court's failure to make an explicit finding that Jones's early release would endanger public safety. Jones replies that his resentencing brief preserved his appeal, without citation to any authority.

The waiver doctrine applies to "a claim that the trial court failed to make or articulate a ' "discretionary sentencing choice[]." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 881, quoting *People v. Gonzalez* (2003) 31 Cal.4th 745, 751, 752.) Claims that the "court exercised its otherwise lawful authority in an erroneous manner under the particular facts" of the case fall

6

within the waiver doctrine (*People v. Welch* (1993) 5 Cal.4th 228, 236), as do claims that the court " 'misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons.' " (*Gonzalez*, at p. 751.) For forfeiture to apply, a sentencing court must give the defendant " 'a meaningful opportunity to object' " to the sentence. (*Id.* at p. 755, quoting *People v. Scott* (1994) 9 Cal.4th 331, 356.) Here, the trial court provided such an opportunity by stating its ruling and then asking the parties if they had anything further before the close of the hearing. (See *People v. Boyce* (2014) 59 Cal.4th 672, 731 [applying forfeiture when court pronounced sentence and "adjourned after asking counsel if there was anything else to discuss"].)

Jones's appellate briefing, as best we can construe, challenges the court's refusal to dismiss his firearm and great bodily injury enhancements in three ways. Jones argues the trial court committed legal error by reimposing the challenged enhancements without making an explicit finding that Jones's earlier release from prison would endanger public safety, and that the court failed to weigh the mitigating factors appropriately. Jones later phrases his claim as alleging the trial court misunderstood the scope of its discretion. The first two constructions of his claim of error fall within the forfeiture rule. The last one does not. (See *People v. Leon* (2016) 243 Cal.App.4th 1003, 1023; *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) Nevertheless, we exercise our discretion to address even the forfeited constructions of his claim below. (*See People v. Nguyen* (2025) 109 Cal.App.5th 1133, 1143–1144 [citing authority that "an appellate court may reach an issue not properly preserved for review"].)

7

## II. The Trial Court Did Not Abuse Its Discretion When Resentencing Jones

Section 1385 describes the court's sentencing discretion when deciding whether to dismiss an enhancement. "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1).) "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) Enumerated mitigating circumstances include when "multiple enhancements are alleged in a single case" and when "an enhancement could result in a sentence of over 20 years." (§ 1385, subd. (c)(2)(B), (c)(2)(C).)

Jones first argues that the trial court erred by not making an explicit finding that striking either or both of his enhancements would endanger public safety. On reply, Jones suggests that the court made an *implicit* finding on the issue. There is no legal requirement for the resentencing court to make an explicit ruling on the public safety determination. Nor has Jones cited any authority for that proposition. Indeed, courts have routinely held the opposite. " 'The trial court is not required to state reasons for declining to exercise its discretion under section 1385.' " (*Brugman*, *supra*, 62 Cal.App.5th at p. 637, quoting *People v. Gillispie* (1997) 60 Cal.App.4th 429, 433.)

8

Thus, we find no error in the trial court's lack of an explicit finding on public safety.

Jones next argues that the court did not appropriately weigh the mitigating factors pursuant to section 1385, subdivision (c)(2). Although the trial court did not use the term "great weight" or mention the statutory mitigating factors favoring Jones at the hearing, the parties' briefing on the resentencing motion discussed those factors at length. The trial judge clearly stated that he read "everything in this file." As noted in the prosecution's opposition to resentencing, Jones's conduct occurred in the context of a domestic violence scenario between Jones and the mother of his child. Jones was 33 at the time in question and had been sentenced to seven years in state prison in three separate cases. At the time of the incident, Jones was on felony probation for an animal cruelty conviction. The trial judge referenced Jones's age, multiple incarcerations, and his animal cruelty conviction at the resentencing hearing. We conclude that Jones has not shown the court abused its discretion in finding that these factors outweighed the mitigating circumstances.

Finally, Jones contends that the trial court misunderstood the scope of its sentencing discretion because the Supreme Court decided *Walker* after the resentencing hearing. At the time of the resentencing hearing, the Second Appellate District had concluded that section 1385, subdivision (c)(2) creates " 'a rebuttable presumption that obligates a court to dismiss the enhancement *unless* the court finds that dismissal of that enhancement . . . would endanger public safety.' " (*Walker, supra*, 16 Cal.5th at p. 1028.)

9

The Sixth District disagreed with that standard, and the Supreme Court granted review to resolve the following question: " 'Does the amendment to Penal Code section 1385, subdivision (c) that requires trial courts to "afford great weight" to enumerated mitigating circumstances (Stats. 2021, ch. 721) create a rebuttable presumption in favor of dismissing an enhancement unless the trial court finds dismissal would endanger public safety?' " (*Walker, supra,* 16 Cal.5th at p. 1031.) The Supreme Court answered the question in the negative and articulated a "less restrictive interpretation of a trial court's authority pursuant to section 1385, subdivision (c)(2)." (*Walker*, at p. 1030.) "[A]bsent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present." (*Id*. at p. 1029.)

Here, the parties' briefing in the trial court recited both standards. Jones repeatedly argued the court should give great weight to the mitigating factors, never mentioning a "rebuttable presumption." The People acknowledged the rebuttable presumption under then-existing authority. However, to the extent the trial court found the presumption rebutted, the Supreme Court's subsequent decision in *Walker* created a "less restrictive interpretation" of the trial court's authority. Jones has not presented any evidence that under a less restrictive interpretation, the trial court would have reached a different conclusion. In fact, the Supreme Court reached the same result in *Walker* itself and affirmed the Court of Appeal's rejection of Walker's resentencing motion, notwithstanding the fact that the Court of Appeal applied the "rebuttable presumption" standard.

"[D]efendant fails to persuade he is entitled to any relief under our less restrictive understanding of a trial court's authority pursuant to section 1385, subdivision (c)(2)." (*Walker, supra,* 16 Cal.5th at p. 1038.)

Again, we see no abuse of discretion on this record.

## DISPOSITION

The judgment is affirmed.


UZCATEGUI, J.*

We Concur:


WILEY, Acting P. J.


VIRAMONTES, J.

---

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.