Filed 3/23/26  P. v. Ivory CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B339706 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA045658) |
| v. | |
| CLARENCE EUGENE IVORY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Affirmed.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne and Julie A. Harris, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

In 2002 a jury found Clarence Eugene Ivory guilty of arson and inflicting corporal injury on a cohabitant. The trial court found true allegations that Ivory had two prior serious felony strike convictions (one of which was for a 1986 robbery) and had served three prior prison terms. The trial court sentenced Ivory to an aggregate prison term of 29 years to life.

In June 2024 the superior court resentenced Ivory under Penal Code section 1172.75.[1] The court struck the three one-year prior prison term enhancements but declined to dismiss Ivory's 1986 robbery strike conviction. Ivory contends the court abused its discretion by refusing to dismiss the 1986 strike conviction. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *The Underlying Offenses and Original Sentencing*

On July 3, 2000, after arguing with his former girlfriend at her apartment, Ivory followed her into the bedroom and punched her in the face. He then doused the bed with lighter fluid, which he lit with matches setting the bedspread on fire. The girlfriend and her 18-year-old son extinguished the fire. (*People v. Ivory* (May 19, 2003, B157862) [nonpub. opn.].)

In 2002 a jury convicted Ivory of arson of property (§ 451, subd. (d)) and inflicting corporal injury on a cohabitant (§ 273.5, subd. (a)). The trial court found two prior strike convictions (including a 1986 robbery conviction) and three prior prison term enhancements (§ 667.5, former subd. (b)). The court sentenced Ivory to 25 years to life on the arson count under the

---

[1]     Further undesignated statutory references are to the Penal Code.

2

"Three Strikes" law, plus one year for the corporal injury count and plus three one-year prior prison term enhancements, for a total aggregate sentence of 29 years to life.

Ivory's criminal history includes: a 1986 robbery conviction, a 1991 robbery conviction, a 1991 grand theft auto conviction, a 1991 hit and run causing injury or death conviction, a 1995 involuntary manslaughter conviction, and repeated parole violations. (*People v. Ivory* (May 19, 2003, B157862) [nonpub. opn.].)

B.       *The Resentencing Proceeding*

In 2022 the Legislature, through Senate Bill No. 483 (2021-2022 Reg. Sess.), retroactively invalidated all sentencing enhancements under section 667.5, except those for sexually violent offenses. (See *People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380 (*Burgess*).) The California Department of Corrections and Rehabilitation identified Ivory for sentencing review under former section 1171.1, now section 1172.75, and the superior court appointed counsel for Ivory.

Ivory filed a resentencing memorandum requesting the court dismiss the now-invalidated prison priors and the 1986 strike conviction, arguing that Ivory is not a public safety risk under section 1172.75 due to the remoteness of the strike conviction, his rehabilitation efforts, his age (61 at the time of resentencing), and his developmental disability. The People filed a response, submitting on the dismissal of the three one-year prison priors but objecting to any further reduction because of Ivory's lengthy criminal history, indications that he is a danger to public safety, his limited insight into the factors behind his criminality, and his "not well controlled" mental illness.

At the resentencing hearing, the court struck the three prison prior enhancements but declined to dismiss the 1986 robbery strike conviction.  The court stated that it was "not going to focus its ruling based upon his prior conduct because that is already baked into the cake of the original sentence and the Court of Appeal[] most recently has asked the court to focus forward upon his behavior in state prison."  The court found that, although Ivory had made some progress, his behavior had not been exemplary, he had violations that could be of a dangerous nature, and he reported hearing voices telling him things and was acting upon those voices.  The court noted that mental illness is not a reason to keep Ivory incarcerated, but found he was a danger to the public:

> "When he sacrifices [his] agency to the voices, it's a danger to the public.  Because even if it's his own internal desire not to do something bad or dangerous, apparently if these voices tell him to do things, he may do them.  And until that can be resolved, the court sees him as a danger to the public based upon his conduct in prison as well as the violence of the underlying act."

The court resentenced Ivory to 25 years to life plus one year for the corporal injury count.  Ivory timely appealed.

## DISCUSSION

A.  *Ivory Has Not Forfeited His Claim*

As a threshold matter, the People argue that Ivory forfeited his claim that the resentencing court should have dismissed his 1986 strike conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).  Their reasoning is that he did

4

not specifically identify *Romero* or section 1385, subdivision (a), as the basis for requesting dismissal of the prior. Ivory argues that he specifically requested that the resentencing court dismiss both the three one-year prison priors and the 1986 strike conviction.

When a party fails to raise an issue or object at sentencing, the party may forfeit the claim and not raise it for the first time on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 351.) However, "'[a]s a general matter, no useful purpose is served by declining to consider on appeal a claim that merely restates, under alternative legal principles, a claim otherwise identical to one that was properly preserved by a timely motion that called upon the trial court to consider the same facts and to apply a legal standard similar to that which would also determine the claim raised on appeal.'" (*People v. Partida* (2005) 37 Cal.4th 428, 436, quoting *People v. Yeoman* (2003) 31 Cal.4th 93, 117.)

Although Ivory never expressly stated *Romero* or section 1385 as the basis, he asked the court to dismiss his 1986 prior conviction and provided information about his rehabilitation, education, and other mitigating circumstances. The People objected to dismissing the 1986 strike conviction and argued in their response that Ivory's record in prison showed that he was a danger to the public. The court specifically considered and rejected dismissing the 1986 strike conviction to reduce the sentence further. Ivory is not raising a new argument; rather, he simply contests the decision that the resentencing court made. Ivory did not forfeit his right to argue on appeal that the resentencing court abused its discretion in declining to dismiss his 1986 prior conviction.

B.	*The Resentencing Court Did Not Abuse Its Discretion in Declining To Dismiss the 1986 Strike Conviction*

1.	*Applicable legal standards*

Under *Romero*, a trial court may dismiss a prior serious or violent felony conviction in the furtherance of justice pursuant to section 1385, subdivision (a).  (*Romero, supra,* 13 Cal.4th at p. 504.)  In deciding whether to dismiss a prior strike, the court must consider "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies."  (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We review the resentencing court's decision for abuse of discretion.  (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)  "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it."  (*Ibid*.)  A court abuses its discretion when it is unaware of its discretion, considers impermissible factors, or where the sentencing norms established by the Three Strikes law produce an ""'arbitrary, capricious, or patently absurd" result'" under the specific facts of a particular case.  (*Id.* at p. 378, quoting *People v. Gillispie* (1997) 60 Cal.App.4th 429, 434.)

2.	*The resentencing court's decision was not irrational or arbitrary*

Ivory argues that the resentencing court should have dismissed his 1986 strike conviction because it is nearly 40 years old and he has demonstrated rehabilitation through educational

6

programs, improved mental health, and having the lowest possible security classification score for an inmate serving an indeterminate sentence.  We acknowledge these are significant considerations.  But they do not lead us to the conclusion that the resentencing court abused its discretion.

First, as to remoteness: while the 1986 conviction is undeniably old, remoteness alone does not require a court to strike a prior conviction.  (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813 [holding that the overriding concern is not the age of the prior conviction but whether the defendant has led a "'legally blameless life'"].)  Here, Ivory has not led a legally blameless life since the 1986 strike conviction.  To the contrary, he committed a second robbery in 1991, grand theft auto in 1991, hit and run causing injury or death in 1991, and involuntary manslaughter in 1995—all before the arson and domestic violence offenses in this case.  This is the type of patterned criminality that tends to undermine the mitigating argument of remoteness.  (See *People v. Solis* (2015) 232 Cal.App.4th 1108, 1124-1125 [holding that the mitigating factor of remoteness was undermined by continuing criminal conduct].)

Second, while Ivory has made commendable efforts at rehabilitation—earning educational certificates, participating in self-improvement programs, and having the lowest possible security score for an inmate serving an indeterminate sentence— the resentencing court also considered the People's countervailing evidence.  Ivory has incurred 14 rule violations during his incarceration.  Furthermore, at a 2020 parole suitability hearing, Ivory reported hearing voices that told him to light the fire that led to his current sentence, and the hearing panel expressed concern about his uncontrolled mental illness and limited insight

7

into his criminal behavior.  The resentencing court was entitled to weigh this evidence in assessing Ivory's current dangerousness and prospects for the future.

Third, the nature and circumstances of Ivory's present felonies—arson and domestic violence—are violent and dangerous.  These are not crimes that suggest Ivory falls outside the spirit of the Three Strikes Law.

Considering Ivory's extensive and violent criminal history spanning from 1986 to 2000, the nature of his current offenses, his disciplinary record in prison, and the concerns about his mental health and insight, we cannot say the resentencing court's refusal to strike the 1986 strike conviction was so irrational or arbitrary that no reasonable person could agree with it.  The resentencing court's decision was not an abuse of discretion.

## DISPOSITION

The judgment is affirmed.

GIZA, J.*

We concur:

SEGAL, Acting P. J.               STONE, J.

---

*       Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.